**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2606-15T3

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for Asset Backed
Securities Corporation Home
Equity Loan Trust 2003-HE7,
Asset Backed Pass Through
Certificates, Series 2003-HE7,

    Plaintiff-Respondent,

v.

TRACY DECARLO,

    Defendant-Appellant.
_____

Submitted May 23, 2017 - Decided June 23, 2017

Before Judges Gilson and Sapp-Peterson.

On appeal from the Superior Court of New
Jersey, Chancery Division, Ocean County,
Docket No. F-6765-15.

Tracy DeCarlo, appellant pro se.

McGlinchey Stafford, P.L.L.C., attorneys for
respondent (Fincey John and Victor L.
Matthews, on the brief).

PER CURIAM

    This appeal arises out of a mortgage foreclosure action.

Defendant Tracy DeCarlo appeals from a February 5, 2016 order

denying her motion to vacate the assignment of the final judgment of foreclosure, vacate the final judgment of foreclosure, and dismiss the complaint. We affirm.

The facts and procedural history were established in the record. In 2003, DeCarlo borrowed $336,000 from New Century Mortgage Corporation (New Century). In consideration for that loan, she gave a promissory note and secured the loan through a mortgage on property located in Jackson, New Jersey.

In 2006, New Century assigned the mortgage to "U.S. Bank National Association, as Trustee" (U.S. Bank, as Trustee). That assignment did not identify a specific trust.

In January 2007, defendant ceased making full payments on the loan and note and, thereafter, she never became current on her mortgage obligations. In January 2008, U.S. Bank, as Trustee, filed a foreclosure action. Defendant responded with an answer and plaintiff moved for and received summary judgment in May 2008. In January 2009, a final judgment was entered in favor of U.S. Bank, as Trustee.

Thereafter, defendant filed for Chapter 7 bankruptcy. After the bankruptcy proceedings were completed, the parties engaged in mediation and settlement negotiations, but no resolution was reached.

In 2012, defendant filed a motion to vacate the judgment of foreclosure and dismiss the complaint. Defendant's principal argument was that U.S. Bank, as Trustee, had failed to identify a specific trust and, therefore, U.S. Bank, as Trustee, did not have standing. That motion was denied in March 2012.

In March 2013, a corrected assignment of the mortgage was executed and the mortgage was assigned to U.S. National Bank Association as Trustee for Asset-Backed Security Corporation, Home Equity Loan Trust 2003-HE7, Asset-Backed Pass Through Certificates, Series 2003-HE7 (U.S. Bank-Trust). Thereafter, U.S. Bank, as Trustee, filed a motion to substitute U.S. Bank-Trust as plaintiff. The trial court denied that motion in an order filed on June 7, 2013 (the June 2013 order). The trial court gave its reasons on the record, explaining that when defendant had sought to vacate the judgment in 2012, U.S. Bank, as Trustee, had contended that it did not need to name a trust. Thus, the trial court reasoned that U.S. Bank, as Trustee, should not be permitted to substitute U.S. Bank-Trust as plaintiff.

In September 2015, U.S. Bank, as Trustee, assigned the final judgment and writ of execution to U.S. Bank-Trust. Thereafter, on December 11, 2015, in response to an application made by U.S. Bank, as Trustee, the final judgment of foreclosure was amended to name U.S. Bank-Trust as plaintiff.

A-2606-15T3

In response, in January 2016, defendant filed a motion to vacate the assignment of the final judgment of foreclosure, vacate the final judgment, and dismiss the complaint. Defendant argued that U.S. Bank, as Trustee, had violated the June 2013 order by filing an assignment of the final judgment. Defendant also argued that U.S. Bank, as Trustee, lacked standing and, thus, the final judgment of foreclosure entered in 2009, should be vacated and the complaint dismissed.

A different judge heard argument on that motion on February 5, 2016, and denied defendant's motion in an order filed the same day. The trial court explained the reasons for its decision on the record. The trial court found that the June 2013 order did not prohibit U.S. Bank, as Trustee, from assigning the final judgment of foreclosure to U.S. Bank-Trust. In that regard, the court reasoned that U.S. Bank, as Trustee, properly obtained a final judgment. Thereafter, U.S. Bank, as Trustee, properly assigned the final judgment to U.S. Bank-Trust in accordance with N.J.S.A. 2A:25-1.

Defendant now appeals the February 5, 2016 order denying her motion to vacate the assignment of the final judgment, vacate the final judgment, and dismiss the complaint. She argues that she is entitled to vacate the final judgment under Rule 4:50-1. She also argues that U.S. Bank, as Trustee, should be collaterally

A-2606-15T3

estopped and barred by the law of the case doctrine.  In essence, defendant argues that because U.S. Bank, as Trustee, originally opposed her motion to vacate the final judgment in 2012, by contending that it did not need to identify a trust, it should not be allowed to substitute a plaintiff with the specific trust identified.  In connection with that argument, she relies on the law of the case doctrine contending that the June 2013 order should preclude U.S. Bank, as Trustee, from naming U.S. Bank-Trust as the plaintiff.

To succeed on this appeal, defendant must first establish that she is entitled to relief from the final judgment entered in 2012.  Second, she must show that U.S. Bank, as Trustee, did not have the authority to assign the final judgment to U.S. Bank-Trust.  Defendant cannot establish either basis for relief.

Rule 4:50-1 sets forth the grounds for relief from a final judgment.  That rule authorizes a court to

> relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment

or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

"The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Mancini v. Elec. Data Sys. Corp. ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)).

We review a trial court's grant or denial of a Rule 4:50-1 motion with substantial deference and will not reverse it "unless it results in a clear abuse of discretion." Ibid. "[A]n abuse of discretion occurs when a decision is 'made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis.'" Deutsch Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012) (first alteration in original) (quoting Guillaume, supra, 209 N.J. at 467-68).

Defendant, who is self-represented on this appeal, does not specifically identify which subsections of Rule 4:50-1 she relies on. In her briefs, she refers to subsection (a) mistake, (b)

A-2606-15T3

newly discovered evidence, and (c) fraud. The record in this case, however, does not support relief under any subsection of Rule 4:50-1, including the subsections referenced by defendant.

Fundamentally, defendant is contending that plaintiff does not have standing to bring an action in foreclosure because it did not establish that it held the note and mortgage. The undisputed documents in the record, however, establish that (1) defendant borrowed $336,000 from New Century and gave a note and mortgage to secure that loan; (2) New Century assigned the mortgage to U.S. Bank, as Trustee; (3) defendant defaulted on the loan and mortgage; and (4) U.S. Bank, as Trustee, obtained a final judgment of foreclosure in 2009. Thus, there is no dispute that by the time the final judgment was entered, U.S. Bank, as Trustee, held the mortgage and had the right to bring the foreclosure action.

Next, we examine the assignment. In 2013, U.S. Bank, as Trustee, corrected the assignment to reflect that the full name of the assignee was U.S. Bank-Trust. U.S. Bank, as Trustee, and U.S. Bank-Trust contend that they are the same entity and the original assignment inadvertently failed to identify a specific trust. The documents in the record support that contention. More fundamentally, there is nothing in this record to show U.S. Bank-Trust does not hold defendant's mortgage. Thus, U.S. Bank, as Trustee, had the right and authority to assign its final judgment

of foreclosure to U.S. Bank-Trust.  See N.J.S.A. 2A:25-1 (stating, "all judgments and decrees recovered in any of the courts of this State . . . shall be assignable").

Defendant's argument that the order of February 5, 2016, was inconsistent with the June 2013 order and, thus, violated the law of the case doctrine does not merit a discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We add only the comment that the June 2013 order was not a final order, and given the procedural history of this case, did not preclude the entry of the February 5, 2016 order.[1]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Defendant also filed two motions to supplement the record.  We initially reserved decision on those motions so that we could review the motions in the full context of the appeal.  We now deny those motions.

A-2606-15T3