NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2510-15T2

INDYMAC FEDERAL
BANK, FSB,

 Plaintiff-Respondent,

v.

MARISA L. BELL,

 Defendant-Appellant.

________________________________

 Submitted March 28, 2017 – Decided May 8, 2017

 Before Judges Espinosa and Grall.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Essex County,
 Docket No. F-11696-09.

 Marisa L. Bell, appellant pro se.

 Greenberg Traurig, LLP, attorneys for
 respondent (Jason H. Kislin and Lori G.
 Singer, of counsel and on the brief).

PER CURIAM

 Defendant executed a note to plaintiff in the amount of

$304,000 in June 2006 and secured payment of the note by executing

a mortgage to plaintiff's nominee, the Mortgage Electronic
Registration Systems (MERS). She defaulted on the note in March

2008 and has not made any payments since that time. Plaintiff

filed a foreclosure complaint in March 2009. The record shows the

complaint was served upon defendant's sixteen-year-old daughter.

Defendant did not file an answer in the foreclosure proceeding or

respond to the entry of default in June 2009. Default judgment

was entered in May 2010.

 More than four years later, after defendant was sent notice

of the scheduled sheriff's sale, defendant filed a motion to vacate

judgment pursuant to Rule 4:50-1(b). She appeals from the denial

of that motion,1 arguing she was entitled to relief as a matter of

law and that defendant lacks the right to force a sale of the

property because no competent admissible evidence was presented

to show its ownership interest in the note as a matter of law.

Defendant's arguments lack sufficient merit to warrant discussion

in a written opinion, Rule 2:11-3(e)(1)(E), beyond the following

brief comments.

 Defendant's motion for relief was governed by Rule 4:50-1.

The trial court's determination is entitled to "substantial

deference" and left undisturbed unless there is "a clear abuse of

1By order of the court, defendant's appeal is limited to the order
entered on August 25, 2015, which denied her motion to vacate the
default judgment and does not include an appeal from the subsequent
order that denied her motion for reconsideration.

 2 A-2510-15T2
discretion." U.S. Bank Nat'l Assoc. v. Guillaume, 209 N.J. 449,

467 (2012).

 In Deutsche Bank National Trust Co. v. Mitchell, 422 N.J.

Super. 214, 216 (App. Div. 2011), we held either possession of the

note or an assignment of the mortgage that predated the original

complaint conferred standing. As noted in the foreclosure

complaint, there was an assignment of mortgage from MERS to

defendant, dated February 23, 2009, which was executed on March

6, 2009, the day after the foreclosure complaint was filed.

Although the record shows plaintiff did not achieve standing

through the assignment of the mortgage a day after the complaint

was filed, there is no evidence that plaintiff lacked possession

of the note at the time the complaint was filed. Therefore,

defendant has not definitively demonstrated a lack of standing.

 Because defendant's motion was based upon Rule 4:50-1(b), she

was required to file the motion within one year after the judgment

was entered. R. 4:50-2. Even if she relied upon other grounds

for relief under the rule, defendant's motion was not made within

a reasonable time following entry of the judgment challenged. See

Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 319

(App. Div. 2012). Accordingly, we discern no clear abuse of

discretion that would warrant disturbing the trial judge's

decision.

 3 A-2510-15T2
Affirmed.

 4 A-2510-15T2