NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4611-15T3

WELLS FARGO BANK, N.A.,

 Plaintiff-Respondent,

v.

TABITHA HASSAN, MR. HASSAN,
husband of TABITHA HASSAN,

 Defendants-Appellants.
—————————————————————————————————

 Submitted August 1, 2017 – Decided August 8, 2017

 Before Judges Hoffman and Currier.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Essex County, Docket No.
 F-6136-15.

 Tabitha Hassan, appellant pro se.

 Reed Smith, LLP, attorneys for respondent
 (Henry F. Reichner, of counsel and on the
 brief).

PER CURIAM

 Defendant Tabitha Hassan appeals from a June 13, 2016 Chancery

Division order denying her motion to vacate the default judgment

entered in favor of plaintiff Wells Fargo Bank, N.A. Defendant

argues plaintiff (1) failed to provide personal service and (2)
lacked standing to foreclose because it did not possess the

mortgage when it filed its complaint. After reviewing the record

and applicable law, we reject defendant's arguments and affirm.

 I.

 On May 2, 2011, American Bank loaned defendant $289,143. To

secure the loan, defendant mortgaged her Newark property. The

mortgage named Mortgage Electronic Registration Systems, Inc.,

(MERS) as the nominee for American Bank. Defendant stopped paying

the loan on September 1, 2014. On November 12, 2014, MERS assigned

the mortgage to plaintiff, and the Essex County Register's Office

recorded the assignment on November 20, 2014. American Bank also

assigned the note to plaintiff.

 On February 20, 2015, plaintiff filed a foreclosure

complaint. Plaintiff tried to effect personal service on defendant

but was ultimately unsuccessful. Someone living at the mortgaged

property informed a process server that defendant no longer lived

there. The tax collector for Newark said it still mailed

defendant's real estate tax bills to the Newark property. The

post office said defendant had not provided a forwarding address.

The telephone directory lacked a listing for defendant. A

surrogate's search did not reveal defendant had a pending estate.

When plaintiff found another possible address for defendant, its

process server spoke to the current tenant, who said defendant no

 2 A-4611-15T3
longer lived there; defendant now contends she lives at this second

address. Plaintiff then published notice in six different

newspapers, and sent a summons via regular mail to the Newark

property. The record shows plaintiff mailed the proper notices

to the Newark property.

 On June 11, 2015, the Clerk entered default against defendant

after she failed to file an answer to plaintiff's complaint. On

November 13, 2015, the Chancery Division ordered the sale of

defendant's property and determined $296,927.43 as the amount owed

to plaintiff on the mortgage loan.

 On March 29, 2016, defendant filed a motion to vacate final

judgment. Defendant did not explain how she learned of the final

judgment. On June 13, 2016, the court denied defendant's motion.

This appeal followed.

 II.

 In cases involving default judgments, "[t]he trial court's

determination . . . warrants substantial deference, and should not

be reversed unless it results in a clear abuse of discretion." US

Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Under

Rule 4:4-5(a), a defendant who "cannot, after diligent inquiry as

required by this rule, be served within the State," can be served

by publication "once in a newspaper published or of general

circulation in the county in which the venue is laid." R. 4:4-

 3 A-4611-15T3
5(a)(3). "Service by publication is hardly favored and is the

method of service that is least likely to give notice." M & D

Assocs. v. Mandara, 366 N.J. Super. 341, 353 (App. Div.), certif.

denied, 180 N.J. 151 (2004). As "an alternative method of service

of process, . . . it must be consistent with due process." Ibid.

"[T]he rule requires an affidavit that a diligent inquiry has been

made and that the defendant is not available for service within

the State." Ibid. The affidavit of "diligent inquiry must be

carefully scrutinized." Ibid. Here, plaintiff inquired with many

entities to locate defendant, and attempted to make service upon

defendant many times at multiple addresses where its inquiry showed

she might reside. The trial court properly concluded plaintiff

diligently but unsuccessfully tried to serve defendant, who does

not challenge the substantive sufficiency of the six notices.

 Defendant does challenge plaintiff's standing to foreclose

on the Newark property. "[E]ither possession of the note or an

assignment of the mortgage that predate[s] the original complaint

confer[s] standing." Deutsch Bank Trust Co. Ams. v. Angeles, 428

N.J. Super. 315, 320 (App. Div. 2012). On November 20, 2014, the

Essex County Register's Office recorded the assignment of the

mortgage. Plaintiff filed its foreclosure complaint on February

20, 2015. We also note plaintiff produced a copy of the allonge

 4 A-4611-15T3
endorsing the note to plaintiff. Plaintiff clearly had standing

to initiate the foreclosure proceedings under review.

 Affirmed.

 5 A-4611-15T3