NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1901-15T3

WELLS FARGO BANK, N.A., AS
INDENTURE TRUSTEE UNDER THE
INDENTURE RELATING TO IMH ASSETS
CORPORATION, COLLATERALIZED
ASSET-BACKED BONDS, SERIES 2004-9,

 Plaintiff-Respondent,

v.

TIMOTHY J. PROVOST,

 Defendant-Appellant,

and

DEBORAH E. PROVOST and
NATIONAL CITY BANK,

 Defendants.
___________________________________

 Submitted June 21, 2017 — Decided August 11, 2017

 Before Judges Fuentes and Koblitz.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Monmouth County, Docket No.
 F-18102-06.

 Timothy J. Provost, appellant pro se.
 Eckert Seamans Cherin and Mellott, LLC,
 attorneys for respondent (David V. Mignardi,
 on the brief).

PER CURIAM

 Defendant Timothy J. Provost1 appeals from a November 20, 2015

order denying his application to vacate the amended final judgment

of foreclosure, vacate the writ of execution and other requested

relief. The order also vacated the stay of a sheriff's sale.

Defendant initially argued that he was not credited with $20,000

of $33,800 in payments made to defendant after the foreclosure

complaint was filed in 2006. For substantially the same reasons

Judge Del Bueno Cleary placed on the record in her November 20,

2015 oral decision, we affirm.

 Defendant borrowed $490,000 to refinance his home in 2004 and

defaulted two years later. Plaintiff filed a foreclosure complaint

on October 10, 2006 and a default judgment was entered on December

4, 2008. Various mediations occurred and, according to plaintiff's

counsel, the sheriff's sale was adjourned more than thirty times.

See GMAC Mortgage, LLC v. TamiLynn Willoughby, __ N.J. __, __

(2017) (slip op. at 16-17) (describing the New Jersey Judiciary

Residential Mortgage Foreclosure Mediation Program). Plaintiff

1
 The judgment and amended final judgment were both entered
against both Timothy and Deborah Provost. Only Timothy J. Provost
filed an appeal and we will refer to him as "defendant."
 2 A-1901-15T3
filed a motion to amend the final judgment that defendant admits

receiving and not responding to. The motion contained proof that

$674,927.82 plus costs and attorney's fees were due. On October

20, 2014, the amended final judgment in that amount was entered,

and defendant admits receiving an unexecuted copy by mail in

November 2014. In August 2015, defendant sought to vacate the

final judgment, for the first time contesting the amount due. The

motion judge found defendant's motion lacked specificity or

proofs.

 We review a decision to deny a motion to vacate final judgment

under Rule 4:50-1 for an abuse of discretion. U.S. Bank Nat'l

Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). Plaintiff

demonstrated to the motion court's satisfaction in what way

defendant's payments of $33,800 were applied in its calculations.

This foreclosure has been pending for almost eleven years. In

foreclosure matters, equity must be applied to plaintiffs as well

as defendants. Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J.

Super. 315, 320 (App. Div. 2012). Defendant's arguments are

without sufficient merit to require further discussion in a written

opinion. R. 2:11-3(e)(1)(E). Judge Del Bueno Cleary exercised

sound discretion in denying defendant's motion to vacate the final

amended judgment of foreclosure.

 Affirmed.

 3 A-1901-15T3