**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5377-15T1

LASALLE BANK N.A. AS TRUSTEE
FOR THE MLMI TRUST SERIES 2006-AHL1,

    Plaintiff-Respondent,

v.

KELLEY A. SPEAR,

    Defendant-Appellant,

and

WILLIAM R. SPEAR and
RJM ACQUISITIONS LLC,

    Defendants.

_____

        Submitted September 26, 2017 — Decided October 5, 2017

        Before Judges Carroll and Mawla.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Essex County,
        Docket No. F-017220-08.

        Kelley A. Spear, appellant pro se.

        Sandelands Eyet LLP, attorneys for respondent
        (Kathleen Cavanaugh, of counsel and on the
        brief).

PER CURIAM

Defendant Kelley A. Spear appeals from a June 28, 2016 order denying her motion to vacate a March 15, 2016 amended final judgment of foreclosure entered in plaintiff's favor. We affirm.

The record reveals that, in January 2006, defendant borrowed $225,000 from Accredited Home Lenders, Inc. Repayment was secured by a mortgage, which was recorded the following month. Defendant defaulted by failing to make the monthly payment due on January 1, 2008, and all payments that came due thereafter.

Plaintiff filed a foreclosure complaint on May 1, 2008, and an amended complaint on August 18, 2008. Defendant did not file a responsive pleading, and default was entered against her on February 10, 2009, followed by entry of a final judgment of foreclosure on January 5, 2010. Defendant then filed a motion to vacate the default judgment on February 24, 2011, which Judge Kenneth S. Levy denied on June 17, 2011.

On February 9, 2016, plaintiff moved for entry of an amended final judgment to update the amount due. Plaintiff's motion was granted, and an amended final judgment of foreclosure was entered on March 15, 2016. On April 19, 2016, defendant filed a motion to vacate the amended final judgment, pursuant to Rule 4:50-1(a), (d), and (f), on the basis that plaintiff lacked standing to seek foreclosure. Judge Walter Koprowski, Jr., denied defendant's

motion on June 28, 2016.  In his accompanying written statement of reasons, the judge found that "[d]efendant admitted her failure to answer the foreclosure [complaint] at her own peril, thus, there is no excusable neglect here."  The judge also found that Judge Levy had previously rejected defendant's argument that plaintiff lacked standing to foreclose when he denied her first motion to vacate final judgment in June 2011.

On appeal, defendant renews her argument that plaintiff failed to establish that it was the holder of the note when it initiated the foreclosure action and hence lacked standing to foreclose.  Defendant continues to seek relief from the final judgment of foreclosure pursuant to Rule 4:50-1 on this basis. Based on our review of the record and applicable law, we are not persuaded by defendant's argument.

Our standard of review is well-settled.  As the Court noted in US Bank National Ass'n v. Guillaume, 209 N.J. 449, 467 (2012), a "party seeking to vacate [a default] judgment" in a foreclosure action must satisfy Rule 4:50-1, which states in pertinent part that

> [o]n motion, with briefs, and upon such terms
> as are just, the court may relieve a party or
> the party's legal representative from a final
> judgment or order for the following reasons:
> (a) mistake, inadvertence, surprise, or
> excusable neglect; . . . (d) the judgment or
> order is void; . . . or (f) any other reason

justifying relief from the operation of the judgment or order.

"The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" Ibid. (quoting Mancini v. EDS, 132 N.J. 330, 334 (1993)).

We afford "substantial deference" to the trial judge and reverse only if the judge's determination amounts to a clear abuse of discretion. Ibid. An abuse of discretion is "when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid.

In support of the motion to vacate, defendant relied on subsections (a), (d), and (f) of Rule 4:50-1. We conclude that defendant has not demonstrated that she is entitled to relief under any of these sections. As such, the judge did not abuse his discretion.

Regarding her Rule 4:50-1(a) contention, defendant has not demonstrated excusable neglect and a meritorious defense as required under this section of the rule and case law. See Guillaume, supra, 209 N.J. at 469. "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Guillaume, supra, 209 N.J. at 468 (quoting Mancini, supra, 132

N.J. at 335). Such was clearly not the case here, as Judge Koprowski correctly determined.

Furthermore, we reject defendant's reliance on subsection (d) because defendant is unable to show, on the merits, that she is entitled to a vacation of the judgment. "A Rule 4:50-1(d) motion, based on a claim that the judgment is void, does not require a showing of excusable neglect but must be filed within a reasonable time after entry of the judgment." Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (citing R. 4:50-2). Under certain circumstances, "equitable considerations may justify a court in rejecting a foreclosure defendant's belated attempt to raise as a defense the plaintiff's lack of standing[.]" Id. at 99-100. Such is the case here.

We stated in Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 320 (App. Div. 2012), that "[i]n foreclosure matters, equity must be applied to plaintiffs as well as defendants." In Russo, supra, 429 N.J. Super. at 101, we held based on Guillaume and Angeles, that "even if [the] plaintiff did not have the note or a valid assignment when it filed the complaint, but obtained either or both before entry of judgment, dismissal of the complaint would not have been an appropriate remedy [] because of [the] defendants' unexcused, years-long delay in asserting that defense." In Russo, defendants challenged

plaintiff's standing to file the foreclosure complaint because it did not take an assignment of the mortgage until after the complaint was filed.  Id. at 96.  We concluded, "in this post-judgment context, lack of standing would not constitute a meritorious defense to the foreclosure complaint."  Id. at 101. "[S]tanding is not a jurisdictional issue in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)."  Ibid.

Finally, we disagree that Rule 4:50-1(f) justifies vacation of the judgment.  Subsection (f) permits a judge to vacate a default judgment for "any other reason justifying relief from the operation of the judgment or order," and "is available only when 'truly exceptional circumstances are present.'"  Guillaume, supra, 209 N.J. at 484 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994)).  The applicability of this subsection is limited to "situations in which, were it not applied, a grave injustice would occur."  Ibid.  As plaintiff points out, defendant has made no mortgage or tax payment since 2007.  On this record, defendant has not shown any such "exceptional circumstances" that would warrant relief under subsection (f), or any other section of the rule.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5377-15T1