**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0031-15T4


NATIONSTAR MORTGAGE, LLC,

    Plaintiff-Respondent,

v.

DEAN MARCIANO,

    Defendant-Appellant,

and

CHRISTINE MARCIANO, a/k/a
CHRISTINE M. MARCIANO,
THE PLASTIC SURGERY CENTER;
DISCOVERY BANK; and MIDLAND
FUNDING LLC,

    Defendants.

_____

        Submitted March 21, 2017 — Decided April 18, 2017

        Before Judges Yannotti, Gilson, and Sapp-
        Peterson.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Monmouth County, Docket No.
        F-027407-14.

        Dean Marciano, appellant pro se.

Sandelands Eyet LLP, attorneys for respondent (Kathleen Cavanaugh, of counsel and on the brief).

PER CURIAM

In this foreclosure matter, defendant Dean Marciano appeals from an order entered by the Chancery Division on March 9, 2015, striking his answer, and an order entered on June 12, 2015, which denied his motion to vacate the final judgment and dismiss the complaint. We affirm.

I.

We briefly summarize the relevant facts and procedural history. Christine M. Marciano borrowed $417,000 from Countrywide Home Loans, Inc. (Countrywide) and executed a note dated October 20, 2006, promising to repay that amount, with interest, in monthly installments. The obligation to repay the note was secured by a mortgage issued to Countrywide that was executed on October 20, 2006, by Ms. Marciano and defendant, on certain property in Manalapan, New Jersey. The mortgage was recorded in the Office of the Monmouth County Clerk (MCC) on November 14, 2006. Ms. Marciano defaulted on the payments due on the note on May 1, 2011.

On September 22, 2011, Mortgage Electronic Registration Systems, Inc. assigned the mortgage to Bank of America, N.A. The assignment was recorded in the Office of the MCC on September 30, 2011. A corrected assignment, dated April 2, 2013, was executed

and duly recorded. On March 6, 2014, Bank of America, N.A. assigned the mortgage to plaintiff Nationstar Mortgage, LLC, and that assignment was duly recorded on March 18, 2014.

Plaintiff commenced its foreclosure action on July 3, 2014. Ms. Marciano did not contest the foreclosure, but defendant filed an answer disputing liability. Defendant did not, however, appear at the case management conference held on December 15, 2014. In addition, defendant did not respond to plaintiff's requests for admissions regarding the authenticity and validity of the note and mortgage, the default, or plaintiff's status as holder of the note and mortgage.

On February 2, 2015, plaintiff filed a motion to strike defendant's answer. Although defendant filed a response to the motion, he did not appear at the oral argument on that motion, which had been scheduled for March 6, 2015, at his request. The court entered an order dated March 9, 2015, granting plaintiff's motion. In ruling on the motion, the judge noted that plaintiff had established a prima facie case in support of foreclosure, and defendant had not pled specific facts to support any defense.

Plaintiff then filed a motion for entry of the final judgment of foreclosure. Defendant did not oppose the motion. The final judgment was entered on April 21, 2015.

In May 2015, defendant filed a motion pursuant to Rule 4:50-1 to vacate the final judgment and dismiss the complaint. The judge considered the motion on June 11, 2015, and placed her decision on the record that day. The judge stated that defendant was raising the same issues he had raised when plaintiff sought to strike his answer.

The judge noted that she had previously found that plaintiff had standing to foreclose, the assignments of the mortgage were valid, and the notice of intent to foreclose was valid. The judge also noted that plaintiff's business records established default, and there was no basis for defendant's claim that plaintiff committed fraud. The judge entered an order dated June 12, 2015, denying the motion. This appeal followed.

On appeal, defendant argues: (1) plaintiff failed to establish that it had possession of the original note during the foreclosure action; (2) the assignment of the mortgage to plaintiff is invalid; (3) without possession of the note or valid assignment of the mortgage, plaintiff did not have standing to foreclose; (4) the notice of intent to foreclose misidentifies plaintiff as the lender; and (5) the court abused its discretion and erred by ignoring defendant's evidence in failing to dismiss the complaints pursuant to the "unclean hands" doctrine.

A-0031-15T4

II.

Defendant argues that the trial court erred by granting plaintiff's motion to strike his answer, which was essentially a motion for summary judgment pursuant to Rule 4:46-2(c). The rule provides that a court may grant summary judgment if the moving party shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ibid.

When deciding a summary judgment motion, the trial court considers "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). We apply the same standard when reviewing an order granting summary judgment. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014).

In support of its motion to strike defendant's answer, plaintiff presented the trial court with several certifications and supporting evidence establishing default under the note and standing to foreclose. Defendant argues, however, that the trial court should have rejected the certification of Eboney Jones, one of plaintiff's employees, which sets forth facts concerning

plaintiff's possession of the note and the assignment of the mortgage.

Defendant asserts that Ms. Jones does not have personal knowledge of the facts in her certification. However, in her certification, Ms. Jones stated that her statements were based upon records maintained by plaintiff, with which she is familiar. Defendant also asserts that Ms. Jones only stated that plaintiff maintained the subject records in its capacity as plaintiff's servicer, but according to Ms. Jones, plaintiff also possessed the original note and an assignment of the mortgage. The trial court did not err by accepting Ms. Jones's certification and relying upon the facts stated therein.

Defendant further argues that plaintiff's statement of the amount of taxes it paid was not accurate. Plaintiff's certification refers to tax payments made in 2012 and 2013. Defendant claims that only four payments would have come due during that period. However, defendant did not submit any evidence or certification in support of his assertion. He failed to show that there were no past-due tax payments that would account for the fifth payment referred to in plaintiff's statement.

Defendant's remaining arguments regarding the order striking his answer are without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). We note, however, that plaintiff established that

it possessed the original note and had a valid assignment of the mortgage before it filed its foreclosure complaint. Standing to foreclose may be established by either possession of the note or a valid assignment that predates the foreclosure complaint. Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). Therefore, plaintiff established standing to foreclose.

We conclude that the trial court correctly found that defendant had not presented evidence raising a genuine issue as to any issue of fact pertaining to plaintiff's right to foreclose. The court did not err by granting plaintiff's motion to strike defendant's answer.

## III.

We next consider defendant's contention that the trial court erred by denying his motion to vacate the final judgment of foreclosure pursuant to Rule 4:50-1.

The rule provides that the court may relieve a party from a judgment for the following reasons:

> (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the

7

judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[R. 4:50-1.]

A trial court's decision on a Rule 4:50-1 motion is entitled to "substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Assoc. v. Guillaume, 209 N.J. 449, 467 (2012) (citations omitted). An abuse of discretion may be found when a decision lacks a "rational explanation," represents an inexplicable "departure from established policies," or rests "on an impermissible basis." Ibid.

In this matter, defendant argues that he was entitled to relief under Rules 4:50-1(c) and (f). Defendant contends he submitted evidence to the trial court which shows that plaintiff did not have possession of the original note at any time during the foreclosure proceedings. Defendant asserts that plaintiff improperly relied upon a faxed copy of the original note. Defendant suggests that, since plaintiff submitted a faxed copy of the note, plaintiff did not have possession of the original.

We find no merit in these arguments. As noted previously, Ms. Jones stated in her certification that plaintiff was in possession

of the original note when it filed its foreclosure complaint. Defendant did not submit any credible evidence to refute Ms. Jones's statement. The use of a faxed copy does not establish that plaintiff did not have the original note, or that plaintiff obtained the judgment as a result of a fraud or forgery.

In any event, as we have explained, plaintiff established that it had a valid assignment of the mortgage. This was sufficient to give plaintiff standing to foreclose. Angeles, supra, 428 N.J. Super. at 318.

In addition, defendant suggests that the assignments may have been forged or otherwise unauthorized. In support of this assertion, defendant relies upon information apparently obtained from the internet website for Federal Home Loan Mortgage Corporation (Freddie Mac), in which Freddie Mac states it is the "owner" of defendant's mortgage and note. It is, however, unclear what Freddie Mac meant by its statement that it was the "owner" of the mortgage and note.

We note that in the information obtained by defendant on the internet, Freddie Mac also states that the borrower should contact his "lender," which it defines as the company to which the borrower makes payments. Freddie Mac's general characterization of itself as the "owner" is insufficient to rebut plaintiff's assertion that it is the holder of the note and assignee of the mortgage.

We therefore conclude that defendant failed to establish any basis for relief under either Rules 4:50-1(c) or (f). Defendant presented insufficient evidence to show that plaintiff obtained the foreclosure judgment by means of a fraud or forgery. He also failed to show that there was any reason that would justify granting defendant relief from the judgment.

We have considered defendant's other arguments and conclude that they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION