> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4361-16T4

LSF8 MASTER PARTICIPATION
TRUST,

    Plaintiff-Respondent,

v.

SIMON ZAROUR,

    Defendant-Appellant,

and

MRS. ZAROUR, wife of SIMON
ZAROUR, LYNX ASSET, and FRANKS
GMC TRUCK CENTER,

    Defendants.

_____

Submitted May 30, 2018 — Decided June 21, 2018

Before Judges Hoffman and Gilson.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-011927-14.

Simon Zarour, appellant pro se.

Fein Such Kahn & Shepard, PC, attorneys for respondent (Ashleigh Levy Marin, of counsel and on the brief).

PER CURIAM

In this mortgage foreclosure matter, defendant Simon Zarour appeals from a February 3, 2017 order denying his motion to vacate the final judgment entered on September 28, 2016. Defendant also appeals from an April 28, 2017 order denying his motion for reconsideration. We affirm.

I.

On August 10, 2007, defendant borrowed $1,000,000 from Washington Mutual Bank, F.A. (WAMU). In connection with that loan, defendant signed an adjustable rate note (Note) and gave a mortgage on property located in Paramus (Mortgage).

Defendant stopped making payments on the Note in August 2008. Thereafter, he defaulted on both the Note and Mortgage. Defendant has not cured the defaults and he has not made any payments on the Note or Mortgage since August 2008.

In 2008, WAMU, which was a federal bank, went into receivership with the Federal Deposit Insurance Company (FDIC) acting as receiver. In September 2008, JP Morgan Chase, National Association (Chase Bank), acquired all of WAMU's assets, which included all WAMU loans.

On March 28, 2014, Chase Bank filed a complaint against defendant seeking to foreclose on the mortgaged property. In preparation for filing that action, Chase Bank reviewed its

business records and confirmed that as of March 13, 2014, it was the owner of the Note and Mortgage.

On March 27, 2014, however, Chase Bank sold the Note and Mortgage to LSF8 Master Participation Trust (LSF8 Trust). The Note was not physically delivered to LSF8 Trust until April 30, 2014.

The FDIC formally assigned defendant's Mortgage to Chase Bank on May 13, 2014. That same day, Chase Bank assigned the Mortgage to US Bank Trust, N.A., as Trustee for LSF8 Trust (US Bank). Both assignments were recorded in June 2014. On August 5, 2014, US Bank further assigned defendant's Mortgage to LSF8 Trust. That assignment was recorded in September 2014.

In May 2014, in response to the foreclosure complaint, defendant filed a contesting answer. Thereafter, in September 2014, Chase Bank filed motions for summary judgment and to strike defendant's answer. In support of its motions, Chase Bank filed a certification stating that it had assigned the Mortgage to US Bank in May 2014, and US Bank had assigned the Mortgage to LSF8 Trust in August 2014. The Chancery court denied the motion for summary judgment, but granted the motion to strike defendant's answer in an order entered on December 5, 2014. The December 5, 2014 order also substituted LSF8 Trust as the named plaintiff.

A-4361-16T4

On September 28, 2016, the final judgment in foreclosure was entered against defendant. Three months later, defendant moved to vacate the final judgment, contending that the judgment should be voided because Chase Bank was assigned the Mortgage after it filed its foreclosure complaint and had fraudulently misrepresented facts in its certification of diligent inquiry.

The Chancery court heard oral argument on defendant's motion on February 3, 2017. That same day, the court entered an order denying defendant's motion to vacate the final judgment and issued a written opinion. The court found that defendant had not shown excusable neglect or a meritorious defense. The court also found that when Chase Bank filed the foreclosure complaint, it physically possessed the Note and, thus, had standing to bring the foreclosure action.

On February 27, 2017, defendant filed a motion for reconsideration. The Chancery court issued an order and written opinion denying that motion on April 28, 2017.

## II.

As already noted, defendant appeals from the February 3, 2017 order denying his motion to vacate the final judgment, and the April 28, 2017 order denying his motion for reconsideration. He argues that the final judgment should be vacated under Rule 4:50-1(c) and (f). In that regard, he contends that Chase Bank

fraudulently represented that it was the holder of the Note and Mortgage when it filed the foreclosure complaint on March 28, 2014. He also contends that representation was fraudulent because Chase Bank had sold the Note and Mortgage on March 27, 2014, and Chase Bank was only assigned the Mortgage on May 13, 2014. We are not persuaded by these arguments and affirm because we discern no abuse of discretion in the Chancery court's denial of the motion to vacate the final judgment.

To vacate a judgment, a defendant must establish one of the six grounds identified in Rule 4:50-1. See US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466 (2012). Here, defendant relies on subsections (c) and (f) of Rule 4:50-1. Those subsections provide that a party may vacate a judgment if he or she can establish: "(c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (f) any other reason justifying relief from the operation of the judgment or order." R. 4:50-1(c), (f).

We review a Chancery court's order on a motion to vacate for abuse of discretion. Guillaume, 209 N.J. at 467. "The trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be clear to warrant reversal. Ibid. (citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)).

A-4361-16T4

Defendant's contention is that the final judgment is void because Chase Bank misrepresented that it was the holder of the Note and Mortgage when it filed its foreclosure complaint. That argument, however, is really an argument about standing. In other words, defendant argues that Chase Bank lacked standing to bring the foreclosure action because it was not the owner of the Note when it filed the foreclosure action.

Under the circumstances of this case, Chase Bank had standing. On March 28, 2014, when it filed the complaint, Chase Bank was the holder of the Note. A representative of Chase Bank certified that the bank physically possessed the Note on March 28, 2014. Indeed, although Chase Bank sold the Note to LSF8 Trust on March 27, 2014, the Note was not physically delivered until April 30, 2014, well after the foreclosure complaint was filed. Possession of the note prior to the filing of the complaint establishes standing in a foreclosure action. See Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 225 (App. Div. 2011). Moreover, we have clarified that the lack of standing is not a meritorious defense to a foreclosure complaint. Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012). In addition, even if there were filing deficiencies, dismissal of the complaint is not necessarily the appropriate remedy. Guillaume, 209 N.J. at 475. In short, Chase Bank had standing to file the foreclosure action

and defendant's contentions about the lack of standing do not constitute a meritorious defense to the foreclosure action.

Just as importantly, we cannot lose sight of the commercial reality of the situation. There is no dispute that defendant defaulted on a $1,000,000 loan in 2008, and has not made any payments since that default. There is also no dispute that the current plaintiff — LSF8 Trust — owns and holds the Note and Mortgage. At the time the final judgment was entered, LSF8 Trust was the named plaintiff in the action and had the right to pursue the action. Thus, the equitable considerations presented in this matter supported entry of the final judgment in favor of plaintiff. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 320 (App. Div. 2012) ("In foreclosure matters, equity must be applied to plaintiffs as well as defendants.").

While proper procedures are important in foreclosure actions, here the record does not disclose any fraud or misrepresentation. Chase Bank did its due diligence before filing its complaint. As of March 13, 2014, Chase Bank was the owner of the Note and Mortgage and was the holder of the Note. That the Note and Mortgage were sold the day before the complaint was filed does not, on this record, show either fraud or misrepresentation. Moreover, there is no dispute that Chase Bank purchased the loan in 2008 and, therefore, was the rightful owner of the Note and

Mortgage in March 2014. That the FDIC only assigned the Mortgage in May 2014, does not, on this record, show fraud or misrepresentation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4361-16T4