**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0735-17T3

EVERBANK,

    Plaintiff-Respondent,

v.

AIDA C. BASCOPE,

    Defendant,

and

JOSE B. BASCOPE,

    Defendant-Appellant.

_____

        Submitted June 5, 2018 — Decided June 29, 2018

        Before Judges Hoffman and Gilson.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Bergen County, Docket No.
        F-003087-14.

        Jose B. Bascope, appellant pro se.

        McCabe Weisberg & Conway, LLC, attorneys for
        respondent (James A. French, of counsel and
        on the brief).

PER CURIAM

In this residential mortgage foreclosure matter, defendant Jose Bascope appeals from a September 29, 2017 order denying his motion to vacate a final judgment entered on June 10, 2016. We affirm.

## I.

On March 15, 2006, defendant borrowed $304,000 from Countrywide Home Loans, Inc. (Countrywide). In connection with that loan, defendant signed a note (Note) and he and his wife gave a mortgage (Mortgage) on property located in Garfield. The Note was given to Countrywide, and the Mortgage was delivered to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Countrywide. On May 1, 2009, MERS assigned the Mortgage to BAC Home Loans Servicing, L.P. (BAC). Three years later, on July 19, 2013, Bank of America, N.A., as successor by merger to BAC, assigned the Mortgage to EverBank. Both of those assignments were recorded.

In May 2013, defendant failed to make the monthly mortgage payment and, thereafter, he defaulted on the Note and Mortgage. Defendant has not cured those defaults.

In January 2014, EverBank filed a complaint seeking to foreclose on the Mortgage. In its complaint, EverBank represented that it was the holder of the Mortgage and it had "possession of

the promissory note." Defendants[1] filed a contesting answer, but in October 2014, defendants withdrew their answer, and the Chancery court entered an order returning the matter to the Office of Foreclosure to proceed as an uncontested matter.

In May 2016, EverBank moved to enter a final judgment. In support of that motion, an employee of the loan servicer for EverBank filed an affidavit. The affiant certified that she was authorized to file the affidavit as "attorney-in-fact for EverBank," that she had "thoroughly reviewed" the business records concerning the Note and Mortgage, and that EverBank was the holder of the Note and Mortgage with the right to enforce those obligations. Final judgment was entered on June 10, 2016. The mortgaged property was then sold in a sheriff's sale in June 2017.

In August 2017, defendant filed a motion to vacate the final judgment. Defendant alleged that EverBank lacked standing to foreclose and that the affidavit submitted in support of the final judgment was insufficient. The Chancery court heard oral arguments and, on September 29, 2017, it issued an order and written opinion denying the motion to vacate.

---

[1] Defendant refers to Jose Bascope. Defendants refers to Jose and Aida Bascope. Only Jose Bascope has appealed.

A-0735-17T3

On appeal, defendant makes two arguments: (1) the Chancery court abused its discretion in not vacating the final judgment because EverBank did not establish its standing to file the foreclosure action; and (2) the affidavit filed in support of the final judgment did not establish that EverBank owned the Note before final judgment was entered. We reject these arguments because they are not supported by the record.

To vacate a judgment, defendant must establish one of the six grounds identified in Rule 4:50-1. See US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466 (2012). Here, defendant relies on subsections (d) and (f) of Rule 4:50-1. Those subsections provide that a party may vacate a judgment if he or she can establish: "(d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order." R. 4:50-1(d), (f).

We review the Chancery court's order on a motion to vacate a final judgment for abuse of discretion. Guillaume, 209 N.J. at 467. "A trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be clear to warrant a reversal. Ibid. (citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)).

While phrased as two arguments, defendant essentially makes a standing argument, contending that EverBank did not establish that it owned or held the Note and Mortgage before it filed its foreclosure action in January 2014. More specifically, defendant argues that the affidavit EverBank filed was insufficient to establish its right to enforce the Mortgage.

Initially, we note that such an argument is not a basis to vacate a final judgment. Defendant has not submitted any proof that EverBank did not hold or own the Mortgage and Note when it filed its foreclosure action. Instead, defendant contends that the affidavit by EverBank was deficient. The distinction is important. Defendant's arguments challenge EverBank's proofs. That proof argument needed to be made before the matter was transferred to the Office of Foreclosure as uncontested and final judgment was entered. See <u>Deutsche Bank Nat'l Trust Co. v. Russo</u>, 429 N.J. Super. 91, 101 (App. Div. 2012) (rejecting technical objections to a foreclosure complaint as grounds to vacate final judgment).

In addition, defendant has not established that the affidavit by EverBank was insufficient. The affiant certified that she had reviewed the relevant books and records and that EverBank was the holder of both the Note and Mortgage. While we encourage trial courts to be vigilant in assessing the proof submitted in support

5

of foreclosure actions, here we discern no abuse of discretion by the Chancery court. When EverBank moved for entry of the final judgment, defendant did not offer any proof that EverBank did not own or hold both the Note and Mortgage. To the contrary, the affidavit submitted by EverBank was essentially uncontested. Consequently, we reject defendant's attempt to vacate the final judgment.

The record establishes that EverBank is the party with the right to enforce the Note and Mortgage. The record also establishes that defendant defaulted on his obligations under the Note and Mortgage in 2013, and has not made any payments since that time. The property was sold in June 2017, and there has been no showing that any other party has claimed a right under the Note or Mortgage. Indeed, plaintiff waited over a year after the final judgment was entered and after the sale of the mortgaged property, to file his motion to vacate the final judgment. Thus, the equitable considerations presented in this matter supported entry of the final judgment in favor of plaintiff. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 320 (App. Div. 2012) ("In foreclosure matters, equity must be applied to plaintiffs as well as defendants.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6