53 A.3d 673

DEUTSCHE BANK TRUST COMPANY AMERICAS, F/K/A BANK-
ER'S TRUST COMPANY, AS TRUSTEE, PLAINTIFF–RESPON-
DENT, v. YONY R. ANGELES, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 12, 2012—Decided October 11, 2012.

Before Judges KOBLITZ, ACCURSO and LISA.

*Gary D. Grant* argued the cause for appellant.

*Robert D. Bailey* argued the cause for respondent (*Zucker, Goldberg & Ackerman, L.L.C.*, attorneys; *Mr. Bailey*, of counsel and on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

In this residential foreclosure case, Yony R. Angeles appeals from a November 6, 2009 final judgment in favor of Deutsche Bank Trust Company Americas (Deutsche) and a subsequent December 16, 2011 oral order, dismissing his application to vacate the judgment or dismiss the complaint. Angeles argues that because the mortgage on his property was not assigned to Deutsche until two weeks after Deutsche filed the original foreclosure complaint, Deutsche lacked standing and the judgment should be dismissed. Because Angeles did not raise the standing issue, or contest the foreclosure in any way, until two years after default judgment was entered and three-and-one-half years after the complaint was filed, we affirm the decision of the Chancery judge.

On January 10, 2007, Angeles executed a note for the sum of $454,400 with First Equity Financial Corporation (First Equity). To secure payment of the note, Angeles executed a mortgage that same day to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First Equity.[1]

---

[1] Angeles also executed a second mortgage on the property to MERS, as nominee for First Equity, in the amount of $113,600.

Angeles made the first ten contractual payments on the note, but failed to make the installment payment due on February 1, 2008 or any time thereafter. On May 29, 2008, Deutsche filed a foreclosure complaint, two weeks prior to the June 12, 2008, assignment of the mortgage by MERS to Deutsche. The complaint states that "[o]n or before the date the within complaint was drafted, the plaintiff herein became the owner of the note and mortgage being foreclosed herein."

On July 23, 2008, Deutsche filed an amended complaint. Angeles was served with the summons and amended complaint on July 26, 2008. He failed to file a responsive pleading and a default was entered on September 11, 2008. Final judgment of foreclosure was entered more than a year later on November 6, 2009.

On February 25, 2010, the court stayed the sheriff's sale scheduled for the following day until May 28, 2010, and ordered the parties to participate in the court-sponsored mediation program.[2] Mediation apparently failed, as Deutsche purchased the property at a sheriff's sale on August 20, 2010. Angeles did not object to the sale at that time. *See R.* 4:65–5 (requiring any objection to be made within ten days after the sheriff's sale or any time prior to the delivery of the deed). The deed was delivered by the sheriff to Deutsche and recorded on September 16, 2010.

The court granted Angeles' May 16, 2011 hardship application to stay the eviction so that his children could complete the school year. Deutsche subsequently stayed the eviction further in an attempt to negotiate a short sale of the property back to Angeles.

After negotiations failed, Angeles filed an order to show cause on November 16, 2011, seeking to: (1) vacate the sheriff's sale; (2) enjoin Deutsche from conveying title; and (3) permit Angeles to

---

[2] The New Jersey Judiciary Foreclosure Mediation Program was implemented to handle the increased number of foreclosure proceedings. Press Release, New Jersey Office of the Attorney General, Statewide Mortgage Foreclosure Mediation Program Launched (Jan. 9, 2009), *available at* http://www.nj.gov/oag/newsreleases09/pr20090109a.html.

either file an answer to Deutsche's foreclosure complaint or, alternatively, dismiss the complaint for lack of standing. After this application was denied, the eviction and lock-out were completed on January 3, 2012.[3]

■ In his appeal, Angeles relies on our recently decided case of *Deutsche Bank National Trust Co. v. Mitchell*, 422 *N.J.Super.* 214, 27 *A.*3d 1229 (App.Div.2011), asserting that the facts are similar. In *Mitchell*, we held that either possession of the note or an assignment of the mortgage that predated the original complaint conferred standing. *Id.* at 216, 225, 27 *A.*3d 1229. We determined that an amended complaint can not cure an initial lack of standing. *Ibid.*

In *Mitchell*, however, the defendant actively engaged in the litigation, filing an answer and counterclaims in response to the plaintiff's foreclosure complaint. *Id.* at 220, 27 *A.*3d 1229. The defendant also contested the plaintiff's standing to file the foreclosure complaint long before the end of the litigation. *Id.* at 220–21, 27 *A.*3d 1229.

*Rule* 4:50–1 governs an applicant's motion for relief from default when the case has proceeded to judgment. *U.S. Bank Nat'l Assoc. v. Guillaume*, 209 *N.J.* 449, 466, 38 *A.*3d 570 (2012). The Guillaume Court explained that "[t]he rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" *Id.* at 467, 38 *A.*3d 570 (quoting *Mancini v. EDS*, 132 *N.J.* 330, 334, 625 *A.*2d 484 (1993)).

■ A reviewing court must accord "substantial deference" to a trial court's determination under the rule and its decisions will be left undisturbed "unless [they] result[ ] in a clear abuse of discretion." *Ibid.* (citing *DEG, LLC v. Twp. of Fairfield*, 198 *N.J.* 242,

---

[3] On January 26, 2012, we denied Angeles' emergent application for a stay of the then-pending sale of the property to a third party. For other reasons, that sale was not completed.

261, 966 *A*.2d 1036 (2009)). "[A]n abuse of discretion occurs when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" *Id.* at 467–68, 38 *A*.3d 570 (quoting *Iliadis v. Wal–Mart Stores, Inc.*, 191 *N.J.* 88, 123, 922 *A*.2d 710 (2007)).

In the context of a foreclosure case, the *Guillaume* Court reiterated the grounds on which a party may seek to vacate a default judgment pursuant to *Rule* 4:50–1. The grounds are:

(a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and for which by due diligence could not have been discovered in time to move for a new trial under *R.* 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[*Id.* at 467, 38 *A*.3d 570 (quoting *R.* 4:50–1).]

Motions made under any *Rule* 4:50–i subsection "must be filed within a reasonable time." *See Orner v. Liu*, 419 *N.J.Super.* 431, 437, 17 *A*.3d 266 (App.Div.), *certif. denied*, 208 *N.J.* 369, 29 *A*.3d 741 (2011) (citing *Bascom Corp. v. Chase Manhattan Bank*, 363 *N.J.Super.* 334, 340, 832 *A*.2d 956 (App.Div.2003)). In addition, *Rule* 4:50–2 bars relief outright to "motions based on *Rule* 4:50–1(a), (b) and (c)" when filed "'more than one year after the judgment, order or proceeding was entered or taken.'" *Id.* at 436–37, 17 *A*.3d 266 (quoting *R.* 4:50–2).

Angeles argues under *Rule* 4:50–1(d) that the final judgment is void for lack of standing. Although he has raised a valid concern, since the complaint was filed prior to the assignment of mortgage, he has not definitively demonstrated a lack of standing. Deutsche may well have had possession of the note, conferring standing, at the time it filed the original complaint.[4] We remanded the matter

---

[4] As we stated, the original complaint alleged that plaintiff had possession of the note at the time of filing. Defendant has never challenged that assertion.

in *Mitchell* in order for the trial court to determine whether the plaintiff had possession of the note or another basis to achieve standing when the original foreclosure complaint was filed. *Mitchell, supra,* 422 *N.J.Super.* at 225, 27 *A.*3d 1229; *see also N.J.S.A.* 12A:3–101 to –605.

In foreclosure matters, equity must be applied to plaintiffs as well as defendants. Defendant did not raise the issue of standing until he had the advantage of many years of delay. Some delay stemmed from the New Jersey foreclosure system, other delay was afforded him through the equitable powers of the court, and additional delay resulted from plaintiff's attempt to amicably resolve the matter. Defendant at no time denied his responsibility for the debt incurred nor can he reasonably argue that Deutsche is not the party legitimately in possession of the property. Rather, when all hope of further delay expired, after his home was sold and he was evicted, he made a last-ditch effort to relitigate the case. The trial court did not abuse its discretion in determining that defendant was not equitably entitled to vacate the judgment.

Affirmed.