NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4898-15T1

PROF-2013-S3 LEGAL TITLE TRUST,
BY U.S. BANK NATIONAL
ASSOCIATION,
AS LEGAL TITLE TRUSTEE,

 Plaintiff-Respondent,
v.

MITCHELL ADLER,

 Defendant-Appellant,

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR APPROVED FUNDING
CORP., and WASHINGTON FEDERAL
SAVINGS AND LOAN ASSOCATION,

 Defendants.
_____________________________

 Argued September 13, 2017 – Decided September 29, 2017

 Before Judges Fuentes, Koblitz and Suter.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Union County, Docket No.
 F-045624-09.

 Avram E. Frisch argued the cause for
 appellant.

 Mark S. Winter argued the cause for respondent
 (Stern, Lavinthal & Frankenberg, LLC,
 attorneys; Mr. Winter, of counsel and on the
 brief).

PER CURIAM

 Defendant Mitchell Adler appeals from a June 9, 2016 final

judgment of foreclosure stemming from an August 2009 complaint.

In January 2007, defendant signed a note evidencing a $296,000

loan from plaintiff, secured by a mortgage on defendant's home.

By the time of final judgment, $485,597 plus costs was due.

Defendant seeks a third opportunity to file an answer and begin

the discovery process, relying on "the known abuses in the mortgage

industry" to furnish a defense. We reject this argument and

affirm.

 This foreclosure matter has a lengthy and convoluted history.

Defendant admits that, on the advice of his then-counsel, he chose

not to file an answer when initially served with the complaint.

He argues that his subsequent motion to vacate default was denied

in March 2011 using an improper standard applied to the default

of final judgment, Rule 4:50-1, rather than mere default, Rule

4:43-3. Indeed, the motion judge used the term "final judgment"

instead of judgment in denying relief. "Our Rules prescribe a

two-step default process, and there is a significant difference

between the burdens imposed at each stage. When nothing more than

an entry of default pursuant to Rule 4:43-1 has occurred, relief

from that default may be granted on a showing of good cause."

 2 A-4898-15T1
US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 466-67 (2012).

Defendant's only claim was that he did not file an answer upon the

advice of counsel. The judge did not abuse his discretion in

finding this explanation did not constitute good cause.

 In any event, this 2011 decision is of no import.

Subsequently, the foreclosure action was administratively

dismissed for lack of prosecution, then reinstated and final

judgment entered. Defendant was given another opportunity to file

an answer when he was successful in his motion to vacate final

judgment in May 2015. The order vacating final judgment afforded

him seven days to file an answer. He again neglected to file an

answer and final judgment was entered once more in June 2016.

 Defendant has apparently lived in the home without making

mortgage payments for more than eight years. "In foreclosure

matters, equity must be applied to plaintiffs as well as

defendants." Deutsche Bank Trust Co. Americas v. Angeles, 428

N.J. Super. 315, 320 (App. Div. 2012).

 Affirmed.

 3 A-4898-15T1