**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0523-16T3

H&R BLOCK BANK, A FEDERAL
SAVINGS BANK,

    Plaintiff-Respondent,

v.

GUY LAGOMARSINO,

    Defendant-Appellant,

and

MRS. GUY LAGOMARSINO,

    Defendant.

_____

        Submitted October 5, 2017 — Decided October 17, 2017

        Before Judges Simonelli and Rothstadt.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Hudson County,
        Docket No. F-045611-14.

        Joseph R. Press, attorney for appellant.

        Sandelands Eyet LLP, attorneys for respondent
        (Robert D. Bailey, of counsel and on the
        brief).

PER CURIAM

In this foreclosure matter, defendant Guy Lagomarsino appeals from the August 29, 2016 Chancery Division final judgment. For the following reasons, we affirm.

On September 15, 2006, defendant executed a note to Equity One, Inc. (Equity One) in the amount of $588,000. To secure payment of the note, defendant executed a mortgage to Equity One on his property located in Union City. The mortgage was recorded with the Hudson County Clerk on October 11, 2006. Defendant defaulted on March 1, 2010.

On September 21, 2006, Equity One executed an assignment of mortgage to Option One Mortgage Corporation (Option One). The assignment was recorded with the Hudson County Clerk on October 11, 2007. On July 2, 2010, Sand Canyon Corporation, formerly known as Option One, executed an assignment of mortgage to plaintiff. The assignment was recorded with the Hudson County Clerk on August 13, 2010.

On November 23, 2011, plaintiff obtained possession of the original note. On February 25, 2014, plaintiff executed an assignment of mortgage to HRB Mortgage Holdings, LLC (HRB). The assignment, which was recorded with the Hudson County Clerk on March 10, 2014, did not assign the note.

On October 30, 2014, plaintiff filed a foreclosure complaint. Defendant filed an answer and asserted eleven affirmative defenses

A-0523-16T3

and a counterclaim. Defendant did not challenge the validity of the note and mortgage or deny that he defaulted. He asserted that plaintiff lacked standing because it assigned the mortgage to HRB prior to filing the complaint.

Following trial on October 7, 2015, the trial judge found plaintiff had possession of the original note prior to filing the complaint, which conferred standing, and established a prima facie right to foreclose. The court entered final judgement on August 29, 2016. This appeal followed.

On appeal, defendant reiterates that plaintiff lacked standing to foreclose because it assigned the mortgage to HRB prior to filing the complaint. This argument lacks merit.

Our review of a trial court's fact-finding in a non-jury case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence. Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). We "should not disturb the factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend

the interests of justice." Ibid. However, we owe no deference to a trial court's interpretation of the law, and review issues of law de novo. State v. Parker, 212 N.J. 269, 278 (2012); Mountain Hill, L.L.C. v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008), certif. denied, 199 N.J. 129 (2009). Applying these standards, we discern no reason to reverse.

"[S]tanding is not a jurisdictional issue in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)." Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012). The judgment is "voidable" unless the plaintiff has standing from either possession of the note or an assignment of the mortgage that predated the original complaint. See Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 319-20 (App. Div. 2012). Here, plaintiff had possession of the original note that pre-dated the complaint. As holder of the original note, plaintiff had standing to enforce it in a foreclosure proceeding. See N.J.S.A. 12A:3-301; Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0523-16T3