**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0350-17T1

BANK OF AMERICA, N.A.,

    Plaintiff-Respondent,

v.

MICHAEL BAYTOFF,

    Defendant-Appellant,

and

DONNA JEAN BAYTOFF and NEW
CENTURY FINANCIAL SERVICES,

    Defendants.

_____

        Submitted September 26, 2018 – Decided October 12, 2018

        Before Judges Koblitz and Currier.

        On appeal from Superior Court of New Jersey, Chancery Division, Hunterdon County, Docket No. F-024884-08.

        Michael Baytoff, appellant pro se.

Sandelands Eyet, LLP, attorneys for respondent
(Robert J. Banas, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Michael Baytoff appeals from the September 5, 2017 order denying his motion to cancel the impending sheriff's sale, vacate the February 5, 2016 amended final judgment and September 16, 2009 final judgment, and dismiss the 2008 foreclosure complaint. Because defendant's argument lacks merit, we affirm.

Defendant obtained a $520,000 mortgage loan at the end of March 2006 and defaulted on the payments approximately fourteen months later. Default judgment was entered in 2009 over defendant's objection. In spite of the entry of final judgment, over plaintiff's written objection and without explanation, on August 12, 2013 the Foreclosure Unit of the Superior Court Clerk's Office entered a dismissal without prejudice for "lack of prosecution" pursuant to Rule 4:64-8. Disregarding this administrative dismissal, in 2016 plaintiff successfully moved to amend the final judgment. Defendant opposed the motion, but did not raise the issue of the 2013 administrative dismissal.

More than a year later, defendant moved to cancel the sheriff's sale and vacate final judgment. He argued for the first time that the matter was dismissed in 2013 and plaintiff was required to make a motion to reinstate the case before it could move to amend the

final judgment. The motion judge rejected defendant's argument as too late and without foundation.

The court did not abuse its discretion in denying defendant's motion. In the context of a foreclosure case, our Supreme Court has stated that relief from default judgment, Rule 4:50-1,

> is "'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" Mancini v. EDS, 132 N.J. 330, 334 (1993) (quoting Baumann v. Marinaro, 95 N.J. 380, 392 (1984)).
>
> The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion. See DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009); Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). The Court finds an abuse of discretion when a decision is "'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Iliadis v. Wal–Mart Stores, Inc., 191 N.J. 88, 123, (2007) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).
>
> [United States Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012).]

The motion court found that defendant failed to raise the issue of the administrative dismissal when he had the opportunity in 2016. The denial of defendant's motion to vacate default judgment eight years after final judgment was first entered, and nine years after the initial foreclosure complaint, did not result in an "unjust result." "In foreclosure

3

matters, equity must be applied to plaintiffs as well as defendants." <u>Deutsche Bank Tr. Co. Americas v. Angeles</u>, 428 N.J. Super. 315, 320 (App. Div. 2012).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0350-17T1