**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4290-16T1

CITIMORTGAGE, INC.,

 Plaintiff-Respondent,

v.

TARIK WEST,

 Defendant-Appellant,

and

MRS. TARIK WEST, HIS WIFE;
NEIGHBORHOOD ASSISTANCE
CORPORATION OF AMERICA;
MAPLE WOODS AT PISCATAWAY
CONDOMINIUM ASSOCIATION,
INC.; MIDLAND FUNDING, LLC;
and UNITED STATES OF AMERICA,

 Defendants.

_____

Submitted January 8, 2019 – Decided January 28, 2019

Before Judges Yannotti and Gilson.

On appeal from Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-009753-14.

Joshua L. Thomas, attorney for appellant.

Akerman LLP, attorneys for respondent (Joseph M. DeFazio, on the brief).

PER CURIAM

Defendant Tarik West appeals from an order of the Chancery Division, dated May 12, 2017, denying reconsideration of a prior order, which denied his motion to set aside the sheriff's sale of the mortgaged property. We affirm.

We begin our consideration of the appeal with a brief summary of the procedural history and relevant facts. On April 24, 2006, defendant executed a note promising to pay plaintiff CitiMortgage, Inc., $309,900, in monthly installments over a thirty-year period, with interest at a rate of 5.5 percent per annum. To secure repayment of the note, defendant also executed a purchase money mortgage on certain real property located in Piscataway. The mortgage was thereafter recorded in the office of the Middlesex County Clerk.

The parties later entered into a loan modification agreement, which was effective as of August 1, 2011. Defendant defaulted in his payment obligations under the modified agreement and did not make any further payments. On March 17, 2014, plaintiff filed a complaint for foreclosure in the trial court. In

August 2014, defendant filed a petition for bankruptcy in the United States Bankruptcy Court for the District of New Jersey. In November 2014, the court dismissed the petition.

Defendant did not file an answer to plaintiff's foreclosure complaint. On February 4, 2015, the trial court granted plaintiff's motion for entry of default, and on December 30, 2015, the court entered a final judgment of foreclosure. Among other provisions, the order stated that the property would be sold to raise funds to satisfy the amounts due on the note. Plaintiff scheduled the sheriff's sale for July 6, 2016. On that date, the property was sold, and plaintiff was the winning bidder.

On July 15, 2016, defendant filed a motion to set aside the sheriff's sale. The court considered the motion and entered an order dated October 6, 2016, denying the motion. The order stated, however, that the parties had agreed the redemption period would be extended through October 26, 2016. Defendant did not redeem the property.

On December 23, 2016, defendant filed another motion to set aside the sheriff's sale. The court scheduled the matter for oral argument. On January 19, 2017, the court issued a writ of possession to the sheriff, directing him to recover possession of the premises. Defendant's attorney did not appear for oral

argument on the motion to set aside the sheriff's sale, despite repeated calls by the court. The trial court entered an order dated January 20, 2017, denying the motion.

On March 12, 2017, defendant filed a motion for reconsideration of the January 20, 2017 order. Plaintiff demanded that defendant withdraw the motion, on the ground that it was frivolous. Defendant did not withdraw the motion, and plaintiff then filed a cross-motion for sanctions under Rule 1:4-8.

The trial court considered the motions and entered orders dated May 12, 2017, denying the motions. This appeal followed. Thereafter, defendant filed an emergent motion in this court for a stay of his eviction. We denied the motion.

On appeal, defendant argues: (1) the trial court should have set aside the sheriff's sale because at the time of the sale, the parties were in active discussions on a loan modification; (2) plaintiff violated a regulation adopted pursuant to the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601 to 2617, by failing to provide an explanation for denying his application for a loan modification; and (3) plaintiff lacked standing to foreclosure. We reject these arguments and affirm.

A-4290-16T1

As noted previously, defendant appeals from the trial court order of May 12, 2017, which denied reconsideration of the January 20, 2017 order. "[R]econsideration is a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Reconsideration may be granted when the court has rendered a decision "upon a palpably incorrect or irrational basis," or failed to consider or "appreciate the significance of probative, competent evidence." Id. at 384 (quoting D'Atria, 242 N.J. Super. at 401).

On appeal, defendant argues that the trial court erred by denying his motion to set aside the sheriff's sale. The court's power to set aside a foreclosure sale "is discretionary and must be based on considerations of equity and justice." First Tr. Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). However, a judicial sale will not be set aside in the absence of "fraud, accident, surprise or mistake, [or] irregularities in the sale." E. Jersey Savings & Loan Ass'n v. Shatto, 226 N.J. Super. 473, 476 (Ch. Div. 1987).

Here, defendant claims plaintiff acted in bad faith by proceeding with the sale while it was allegedly considering his request for a loan modification. The record shows, however, that in a letter dated June 27, 2016, plaintiff denied

defendant's request for a loan modification. The letter stated that defendant had not provided the documents plaintiff had requested by the "program deadline," which was "before midnight of the seventh business day prior to the scheduled foreclosure sale date."

Defendant claims he submitted a complete loan modification package to plaintiff on June 29, 2016. The record shows that defendant sent certain documents to Neighborhood Assistance Corporation of America (NACA), a non-profit, homeownership and advocacy organization, which was apparently assisting defendant in seeking the loan modification. There is, however, no evidence that NACA ever provided those documents to plaintiff.

Moreover, even if NACA had forwarded the documents to plaintiff on June 29, 2016, as defendant claims, plaintiff had no obligation to review the documents at that time, or delay the sheriff's sale. A regulation adopted by the Consumer Financial Protection Bureau pursuant to RESPA provides in pertinent part that, "[i]f a servicer receives a complete loss mitigation application more than [thirty-seven] days before a foreclosure sale, then, within [thirty] days of receiving the complete loss mitigation application, a servicer shall: [e]valuate the borrower for all loss mitigation options available to the borrower." 12 C.F.R. § 1024.41(c)(1).

A-4290-16T1

Here, plaintiff was not required to consider the loan modification options for defendant. If defendant submitted a complete loan modification application on June 29, 2016, as he claims, plaintiff was not required to review the application because it was not submitted more than thirty-seven days before the scheduled sale. Furthermore, defendant had no right to compel plaintiff to restructure the loan. See Glenfed Fin. Corp. v. Penick Corp., 276 N.J. Super. 163, 176 (App. Div. 1994).

On appeal, defendant also argues that plaintiff did not have standing to foreclose. He contends the certification that plaintiff submitted in support of its motion for entry of the final judgment was deficient. He asserts plaintiff failed to establish that the "servicer" has any connection to plaintiff, did not identify the exact location of the note, and did not provide details concerning the note's physical delivery. In addition, defendant asserts plaintiff did not authenticate the documents it relied upon to establish its status as a holder of the note.

As we stated previously, defendant did not file a timely answer to the complaint or oppose plaintiff's motion for entry of final judgment. Indeed, defendant did not challenge plaintiff's standing to foreclose until July 15, 2016, when he filed his first motion to set aside the sheriff's sale. Defendant was not entitled to seek relief from the final judgment or to set aside the sale based on

7                                                                    A-4290-16T1

plaintiff's alleged lack of standing because he did not raise this issue in a timely manner. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 320 (App. Div. 2012) (holding that the debtor was not entitled to relief under Rule 4:50-1 from the foreclosure judgment because the debtor did not raise the issue of standing until after the sheriff's sale and had "the advantage of many years of delay"); Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 101-02 (App. Div. 2012) (affirming denial of motion to vacate default judgment because of debtor's "unexcused, years-long delay in asserting" standing defense).

In any event, defendant's assertion that plaintiff lacked standing to foreclose is without merit. A party may establish standing to foreclose if it is the holder of the instrument, a non-holder in possession of the instrument with the rights of the holder, or a person not in possession but entitled to enforce the instrument. N.J.S.A. 12A:3-301. We have held that a plaintiff has standing to foreclose if it establishes it has possession of the note. Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222-24 (App. Div. 2011) (citing N.J.S.A. 12A:3-301).

In this case, the record shows that defendant executed the promissory note and mortgage in favor of plaintiff, the original lender. In support of the motion

for entry of the final judgment, plaintiff submitted a certification by Elizabeth Holland, a Vice-President in plaintiff's office in Florence, Kentucky.

In her certification, Holland asserts that she reviewed the records maintained by plaintiff and she has personal knowledge of the relevant facts. She states that plaintiff is the holder of the note. Therefore, plaintiff established that it had standing to foreclose.

Notwithstanding defendant's argument to the contrary, plaintiff was not required to show its connection to the "servicer." Plaintiff is the original lender, not the "servicer" of the loan, or an assignee of the note or mortgage. Moreover, Holland states in her certification that plaintiff is the holder of the note. Therefore, plaintiff did not have to establish the precise location of the note or present facts showing the manner of its delivery.

We conclude that the trial court did not err by denying defendant's motion for reconsideration of the earlier order denying the motion to set aside the sheriff's sale. Defendant failed to show the sale was the result of "fraud, accident, surprise or mistake, [or] irregularities in the sale." Shatto, 226 N.J. Super. at 476. Plaintiff denied defendant's loan modification application because defendant did not submit required documentation in a timely manner. Under the circumstances, plaintiff did not act in bad faith by proceeding with

the scheduled sheriff's sale. Furthermore, defendant did not raise a timely or meritorious challenge to plaintiff's standing to foreclose.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION