**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3116-17T2

DITECH FINANCIAL LLC,

     Plaintiff-Respondent,

v.

BRUCE BROOMELL,

     Defendant-Appellant.

_____

          Submitted January 7, 2019 – Decided January 30, 2019

          Before Judges Sumners and Mitterhoff.

          On appeal from Superior Court of New Jersey, Chancery Division, Salem County, Docket No. F-019381-14.

          Bruce Broomell, appellant pro se.

          Pluese, Becker, & Saltzman, LLC attorneys for respondent (Stuart H. West, on the briefs).

PER CURIAM

     In this foreclosure action, defendant Bruce Broomell appeals from the trial court's February 16, 2018 order denying his motion to vacate a final judgment

of foreclosure and dismiss plaintiff Ditech Financial LLC's complaint. We affirm.

We briefly recite the relevant facts and procedural history. On August 6, 2007, defendant executed a note in the mount of $144,000 in favor of Countrywide Bank, FSB. To secure payment on the note, defendant and Roxanne Broomell executed a mortgage on a property in Newfield, New Jersey. In June 2011, Countrywide Bank, FSB assigned the mortgage to BAC Home Loans Servicing, LP. In May 2013, Bank of America, N.A., successor in interest to BAC Home Loans Servicing, LP, assigned the note to Green Tree Servicing LLC. Pursuant to an August 2015 merger, Green Tree Servicing LLC is now known as Ditech Financial LLC.

Defendant defaulted on the mortgage in November 2010 and has never cured the default. On August 2, 2013, plaintiff mailed notices of intent to foreclosure to defendant. On May 24, 2014, plaintiff filed a foreclosure complaint, to which defendant filed a contesting answer.[1]

After completing its discovery obligations, plaintiff moved for summary judgment, which defendant opposed. On April 1, 2015, the Honorable Anne

---

[1] The original caption listed Green Tree Servicing LLC as plaintiff. On December 31, 2015, the trial court entered an order substituting Ditech Financial LLC for Green Tree Servicing LLC.

McDonnell, P.J. Ch., granted plaintiff's motion for summary judgment.  The trial court entered a final judgment of foreclosure on May 31, 2016.

After many adjournments,[2] the sheriff's sale was scheduled for February 5, 2018.  On January 22, 2018, defendant filed a motion to vacate the final judgment of foreclosure and dismiss the foreclosure complaint.  The motion was returnable on February 16, 2018, and the sheriff's sale was rescheduled to February 26, 2018.  On February 16, 2018, after oral argument, Judge McDonnell rendered an oral decision denying defendant's motion.  The subject property was sold at a sheriff's sale on March 12, 2018.

On March 14, 2018, defendant appealed the trial court's February 16, 2018 order denying his motion to vacate the final judgment of foreclosure and dismiss the foreclosure complaint.  On appeal, defendant raises the following points for our review:

> I.   THE STATUTE GRANTING THE RIGHT CONTAIN[S] ESSENTIAL ELEMENTS TO PUT THE COURT IN MOTION AND GIVE ITS JURISDICTION[.]   THE COURT ERRED WHEN [THE] PETITION FAILED TO CONTAIN ALL OF THESE ESSENTIAL ELEMENTS.

---

[2]  Defendant also filed two motions to vacate the final judgment of foreclosure on June 1, 2017 and July 25, 2017.  Judge McDonnell denied the first motion on June 27, 2017.  The second motion was withdrawn as a result of defendant filing a bankruptcy petition.

A-3116-17T2

II. THERE CAN ONLY BE ONE ORIGINAL NOTE[.] PLAINTIFF FAILS TO PROVE THE NOTE IN QUESTION[.] HE HAS NO CLAIM. MORTGAGE FOLLOWS THE NOTE.

III. NOTES AND ASSIGNMENTS PRODUCE OWNERSHIP WHICH NEEDS TO BE CERTIFIED[,] AUTHENTICATED AND VALID.

IV. FRIENDLY BANKS ARE A THING OF THE PAST[.] BANKS INFLATE[D] [THE] QUOTE SO I COULD NOT CATCH UP.

V. PLAINTIFF FAILED TO SERVE A NOTICE OF INTENTION TO FORECLOSE . . . THAT STRICTLY COMPLIES WITH THE STATUTORY REQUIREMENTS OF THE NEW JERSEY FAIR FORECLOSURE ACT.

VI. THE TRIAL COURT ERRED IN [GRANTING] SUMMARY JUDGMENT WHEN DISCOVERY WAS NOT COMPLETED.

VII. THE COURT ERRED WHEN GRANTING SUMMARY JUDGMENT ON NO PERSONAL KNOWLEDGE FROM [THE CERTIFYING INDIVIDUAL].

VIII. THE ISSUES WHEN COMPLETION OF SERVICE IS NOT BY RULE OF LAW [SIC].

Having reviewed the record in light of the applicable legal principles, we affirm for substantially the reasons expressed in Judge McDonnell's well-reasoned oral decision. We add only the following comments.

4

Rule 4:50-1 governs relief from a judgment or order. In general, "[t]he trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).

Defendant primarily contends that the final judgment of foreclosure should be set aside because plaintiff did not possess the original note or have standing to foreclose. At a hearing on the summary judgment motion, however, plaintiff produced the original note, which Judge McDonnell determined was authentic. Accordingly, Judge McDonnell correctly determined that plaintiff had standing to foreclose because it had both actual possession of the note and a recorded assignment of the mortgage that predated the complaint. See Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) ("[E]ither possession of the note or an assignment of the mortgage that predate[s] the original complaint confer[s] standing.").

The remaining arguments raised by defendant are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-3116-17T2