**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4754-17T2

U.S. BANK, N.A., AS SUCCESSOR
TRUSTEE TO BANK OF AMERICA,
N.A., AS SUCCESSOR BY MERGER
TO LASALLE BANK, N.A., AS
TRUSTEE FOR THE CERTIFICATION
HOLDERS OF THE MLMI TRUST,
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2007-SD1,

     Plaintiff-Respondent,

v.

JOSE DIAZ,

     Defendant-Appellant,

 and

MARIA DIAZ, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR
WILSHIRE CREDIT CORP., CARIDAD
CLAUDIO, LUIS CLAUDIO, ESSEX
COUNTY DEPARTMENT OF CITIZEN
SERVICES f/k/a ESSEX COUNTY
BOARD OF SOCIAL SERVICES,
MEDICAL IMAGING OF ESSEX, and
STATE OF NEW JERSEY,

Defendants.

_____

Submitted January 30, 2019 – Decided  February 15, 2019

Before Judges Koblitz and Ostrer.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-017959-08.

Jose Diaz, appellant pro se.

Sandelands Eyet LLP, attorneys for respondent (Ashley L. Rose, on the brief).

PER CURIAM

Defendant Jose Diaz appeals from the June 5, 2018 order denying his motion to vacate final judgment in this residential foreclosure matter.  We affirm.

The initial May 8, 2008 foreclosure complaint alleges that on November 30, 2006, defendant and his wife executed a note in the amount of $252,720 with an 8.5% annual interest rate and executed a mortgage on their home to secure the note.  They failed to make the payment due on December 1, 2007 or thereafter. An amended complaint was filed on June 6, 2008.  Although served, defendant did not answer.  Default was entered November 5, 2008 and an uncontested final judgment was entered on September 8, 2009.  The judge who denied defendant's motion to vacate final judgment found that "[p]laintiff . . .

2

provided true copies of the [n]ote, [m]ortgage and [a]ssignment of [m]ortgage in its application for [f]inal [j]udgment." After an uncontested motion to increase the amount of the judgment, an amended final judgment for $347,569.84 was entered on July 13, 2016.

A sheriff's sale was originally scheduled for February 17, 2017, but after numerous adjournments by defendant, including a bankruptcy filing, it was finally conducted on March 13, 2018. The property was sold to plaintiff. Two weeks later, defendant filed a motion to vacate, arguing that plaintiff did not have standing to foreclose. He did not assert a meritorious defense or excusable neglect for failing to answer the complaint. Both are required to vacate final judgment. See US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 469 (2012).

We have held that "either possession of the note or an assignment of the mortgage that predate[s] the original complaint confer[s] standing." Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). In the context of a foreclosure case, our Supreme Court has stated that relief from default judgment, pursuant to Rule 4:50-1,

> is "'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" Mancini v. EDS, 132 N.J. 330, 334 (1993) (quoting Baumann v. Marinaro, 95 N.J. 380, 392 (1984)).

3

The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion. The Court finds an abuse of discretion when a decision is "'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Iliadis v. Wal—Iliadis, 191 N.J. 88, 123 (2007) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

[Guillaume, 209 N.J. 467-68 (2012)(citations deleted).]

The Chancery Division did not abuse its discretion in denying defendant's motion to vacate final judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION