**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5033-17T4

CAPITAL ONE, N.A.,

     Plaintiff-Respondent,

v.

LEWIS WU,

     Defendant-Appellant,

and

ACE GAMING LLC, t/a THE SANDS,
TRUMP TAJ MAHAL ASSOCIATES,
f/k/a TRUMP TAJ MAHAL ASSOCIATES
LP, t/a TRUMP TAJ MAHAL CASINO
RESORT, LML SUPERMARKETS INC.,
MARINA DISTRICT DEVELOPMENT
CO LLC, t/a BORGATA, ATLANTIC
CITY SHOWBOAT INC., a/k/a ATLANTIC
CITY SHOWBOAT, d/b/a SHOWBOAT
CASINO HOTEL, SUMMIT IMPORT
CORPORATION, CELLULAR-ONE
METROPHONE, FIRST TRENTON, as
subrogee of IRENE KASBARIAN, ALBERT
UJUETA, d/b/a BUSINESS EXCHANGE
ENTERPRISES, SMS FINANCIAL G,
LLC, STATE OF NEW JERSEY, and
HYEYEON YUN,

Defendants.

_____

Argued January 21, 2020 – Decided February 7, 2020

Before Judges Rothstadt and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-002400-11.

Lewis Wu, appellant, argued the cause pro se.

Mark E. Herrera argued the cause for respondent (Milstead & Associates, LLC, attorneys; Bernadette Irace, on the brief).

PER CURIAM

Defendant Lewis Wu appeals from an order of the Chancery Division that denied his motion for reconsideration of the court's prior order denying his motion to vacate a final judgment of foreclosure entered against him. Having reviewed the record in light of the governing legal principles, we affirm.

I.

We discern the following facts from the record. On March 1, 2006, defendant executed a note for $5,795,418 in favor of Chevy Chase Bank, F.S.B. (Chevy) to secure real property located on Autumn Terrace in Alpine and on Crocus Hill Drive in Norwood. Defendant and Hyeyeon Yun executed a corresponding mortgage in favor of Mortgage Electronic Registration Systems,

Inc., (MERS) as nominee for Chevy. Defendant defaulted on the note after he ceased making payments in September 2009. On January 25, 2011, MERS assigned the mortgage to plaintiff Capital One, N.A., and the assignment was recorded on February 24, 2011.

On April 8, 2011, plaintiff filed a complaint in foreclosure against defendant and Yun, and defendant answered. On May 16, 2012, the trial court struck defendant's answer for failing to state a legally sufficient claim or defense and entered default against him by way of summary judgment. The trial court entered final judgment in favor of plaintiff on January 9, 2014, but the final judgment and writ of execution were vacated by an order entered on January 26, 2015, due to deficient service of the notice of motion to enter final judgment upon Yun.

On October 13, 2017, plaintiff, in its capacity "as trustee for the RMAC Trust, Series 2016-CTT," assigned the subject mortgage to US Bank, N.A. Plaintiff communicated the assignment to defendant through a November 14, 2017 letter. The letter also stated that plaintiff would continue to service the loan until December 1, 2017.

Plaintiff then filed a second motion for final judgment on December 13, 2017. Annexed to this motion was a certification of proof of amount due, dated

October 27, 2017, rendered by Lori Spisak, plaintiff's authorized signer, which indicated that "[p]laintiff is the owner/holder of the . . . note and mortgage." Defendant did not file any opposition. On January 23, 2018, the motion judge entered final judgment against defendant after finding that plaintiff properly served defendant and established "plaintiff's obligation, [m]ortgage, and [a]ssignment of [m]ortgage," and accepting plaintiff's proof as to the amount due from defendant.

On February 28, 2018, defendant moved to vacate the January 23 final judgment. On March 29, 2018, at a hearing on defendant's motion held before Judge Edward A. Jerejian, defendant argued that plaintiff had fraudulently misrepresented that it owned the note and mortgage and that it lacked standing to foreclose by virtue of its assignment of the mortgage to US Bank. On the same day, Judge Jerejian entered an order and written opinion denying defendant's motion. The judge concluded that "[d]efendant's allegations of fraud are unsubstantiated, untimely, and are without merit." The trial judge also found that plaintiff had standing by virtue of its certifying "that it owns or controls the underlying debt."

On April 11, 2018, defendant moved to reconsider the March 29 order denying his motion to vacate the January 23 final judgment. On April 27, 2018,

the trial judge held a hearing on defendant's motion for reconsideration, at which defendant raised the same argument as to fraud and misrepresentation, asserting that Spisak's certification of proof of amount due incorrectly indicated that plaintiff was the owner of the note and mortgage as of October 27, 2017, when plaintiff had actually assigned the note and mortgage on October 13, 2017.

On May 1, 2018, the trial judge entered an order and written opinion denying defendant's motion for reconsideration. The judge concluded that Spisak's certification "was valid at the time it was issued," and that at the time, plaintiff still remained the servicer on the loan. Further, relying on Rule 4:34-3, the trial judge found that "[p]laintiff is permitted to continue this action in the name of the original party. This court has not directed the party to whom the interest has been transferred to be substituted in the action or joined with the original party." This appeal ensued.

On appeal, defendant raises the following arguments:

> a) THE LOWER COURT IMPROVIDENTLY FAILED TO GRANT TO APPELLANT RECONSIDERATION UPON THE PROFFER [OF] EVIDENCE DEMONSTRATING THE PLAINTIFF-RESPONDENT'S LACK OF STANDING AND CAPACITY TO MAKE APPLICATION FOR ITS FINAL JUDGMENT[.]
>
> i. Plaintiff-Respondent's Supporting Documentation failed to Comply with Rule 4:64-2 and its Application

5

for Entry of Final Judgment should have been DENIED and/or VOIDED.

ii. The Plaintiff's proffered Contents of Proof of Amount Due ("CPAD") was inherently flawed and should have been set aside on reconsideration.

b) THE LOWER COURT'S INTERPRETATION OF RULE 4:34-3 WAS IMPROVIDENTLY SKEWED TO COMPORT WITH THE LATENT DISCLOSURE OF PLAINTIFF-RESPONDENT'S LACK OF OWNER-SHIP AT THE TIME ENTRY OF FINAL JUDGMENT WAS SOUGHT[.]

c) DISMISSAL OF THE ACTION IS WARRANTED AS THE MORTGAGE ASSIGNMENT FROM CHEVY CHASE BANK TO THE PLAINTIFF-RESPONDENT IS A[N] INVALID PRODUCT OF OBVIOUS ROBO-SIGNING[.]

d) BY REASON OF THE PLAINTIFF-RESPONDENT'S CLEAR MISREPRESENTATIONS AND INTRINSIC FRAUD, SANCTIONS ARE WARRANTED PURSUANT TO RULE 1:4-8(a)(3) & (d)(1) [Not Raised below].

We find defendant's arguments unpersuasive and affirm substantially for the same reasons expressed by the trial judge in his written decision. We add the following brief comments.

6

II.

Appellate courts review denials of motions for reconsideration for abuse of discretion. Guido v. Duane Morris LLP, 202 N.J. 79, 87 (2010). An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). Motions for reconsideration "shall state with specificity the basis on which [they are] made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." R. 4:49-2.

> Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

Furthermore, "if a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application, the [c]ourt should, in the interest of justice (and in the exercise of sound discretion),

A-5033-17T4

consider the evidence." Ibid. (quoting D'Atria, 242 N.J. Super. at 401). However, as our courts have recognized, "motion practice must come to an end at some point, and if repetitive bites at the apple are allowed, the core will swiftly sour. Thus, the [c]ourt must be sensitive and scrupulous in its analysis of the issues in a motion for reconsideration." Ibid. (quoting D'Atria, 242 N.J. Super. at 401-02).

On this appeal, defendant repeats the identical arguments made below, contending that because plaintiff had assigned its interest in the mortgage, it was without standing to obtain final judgment against him. We disagree. Where "the court has entered a default judgment pursuant to Rule 4:43-2, the party seeking to vacate the judgment must meet the standard of Rule 4:50-1." Guillaume, 209 N.J. at 467. Such motions are granted sparingly. See ibid. Parties may move to vacate "a final judgment or order for . . . fraud . . . misrepresentation, or other misconduct of an adverse party." R. 4:50-1(c). Rule 4:50-1 "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Tenby Chase Apartments v. N.J. Water Co., 169 N.J. Super. 55, 60 (App. Div. 1979) (quoting Manning Eng'g, Inc. v. Hudson Cty. Park Comm'n, 74 N.J. 113, 120-21 (1977)).

Relevant to the issues on this appeal, <u>Rule</u> 4:34-3 provides in pertinent part that "[i]n case of any transfer of interest, [an] action may be continued by or against the original party, unless the court on motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

With these governing principles in mind, we conclude that the trial judge properly determined defendant's allegations of fraud are meritless. Defendant has failed to show that Spisak willfully provided false information to manufacture standing. <u>See</u> <u>R.</u> 4:64-2(d); <u>R.</u> 1:4-8.

Equally without merit is defendant's argument that plaintiff lacked standing by virtue of its assignment of the mortgage to US Bank on October 13, 2017. Plaintiff indisputably had standing when it filed its initial foreclosure complaint on April 8, 2011, over six years prior to the assignment of its mortgage to US Bank on October 13, 2017. <u>See</u> <u>Deutsche Bank Tr. Co. Ams. v. Angeles</u>, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing <u>Deutsche Bank Nat'l Tr. Co. v. Mitchell</u>, 422 N.J. Super. 214, 216 (App. Div. 2011)) ("[P]ossession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing."); <u>Bank of N.Y. v. Raftogianis</u>, 418 N.J. Super. 323, 351 (Ch. Div. 2010). Further, as Judge Jerejian correctly found, <u>Rule</u> 4:34-3 did not

9

preclude plaintiff from litigating this action in the name of the original lender, as the court never directed that US Bank be substituted in as a party.

Based on the foregoing, we conclude that the trial judge acted within his discretion in denying defendant's motion for reconsideration.

To the extent we have not specifically addressed any remaining arguments raised by defendant, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5033-17T4