**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5675-18T1

CARRINGTON MORTGAGE
SERVICES, LLC,

     Plaintiff-Respondent,

v.

WESLEY WILLIS,

     Defendant-Appellant,

and

MRS. WESLEY WILLIS,
his wife,

     Defendant.

_____

        Submitted May 20, 2020 – Decided June 4, 2020

        Before Judges Haas and Enright.

        On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-007935-18.

        Wesley Willis, appellant pro se.

Stern Lavinthal & Frankenberg, LLC, attorneys for respondent (Laura A. Scurko, of counsel and on the brief).

PER CURIAM

Defendant Wesley Willis appeals from the Chancery Division's August 19, 2019 order denying his motion to vacate a final judgment of foreclosure and a subsequent sheriff's sale held after defendant defaulted in a residential mortgage foreclosure action.  We affirm.

The trial court made the following pertinent findings of fact following its review of the motion record.  On November 23, 2009, defendant executed a $242,410 note and mortgage to the original lender.  Through a series of assignments, the mortgage was assigned to plaintiff Carrington Mortgage Services, LLC on February 1, 2017.  This assignment was recorded in the county's clerk's office on February 27, 2017.

On September 1, 2017, defendant defaulted on the loan.  Plaintiff filed its foreclosure complaint on April 16, 2018.  After making diligent efforts to personally serve the summons and complaint upon defendant, plaintiff

completed service by mailing the pleadings to defendant by certified and regular mail.[1] Defendant did not file a timely answer.

Following the entry of default, the trial court entered a final judgment of foreclosure on December 11, 2018. On July 23, 2019, the property was sold to a third-party at a sheriff's sale.

In denying defendant's motion to vacate the judgment pursuant to Rule 4:50-1(d), the court rejected defendant's argument that plaintiff failed to properly serve him with the summons and the complaint. In so ruling, the court stated:

> Although plaintiff's efforts to personally serve . . . defendant were unsuccessful under Rule 4:4-3(a), plaintiff properly conducted a diligent inquiry pursuant to [Rule] 4:4-5(b) demonstrating that service could not be effectuated. Thereafter, plaintiff sent the summons and complaint to . . . defendant via certified mail, return receipt requested, in addition to regular mail. R. 4:4-4(b)(1)(C). Plaintiff's counsel shows no return of the regular mail envelope and the certified mail letter was returned to counsel as unclaimed. In addition to the service of the summons and the complaint, defendant was properly served with the Notice of Default, a Cure Letter, the Motion for Final Judgment, the Order for Final Judgment[, and the] Notice of the sale date. Accordingly, the court finds that . . . plaintiff acted in good faith, and served defendant with several notices throughout this action.

---

[1] The certified mail envelope was returned to plaintiff unclaimed, but the regular mail was not.

This appeal followed.

On appeal, defendant again asserts that the court should have vacated the default judgment because plaintiff did not properly serve him with the summons and complaint. He also alleges that if the court had vacated the default judgment, he would have been able to demonstrate that plaintiff lacked standing to bring the foreclosure.

We review the trial court's decision on a motion to vacate a default judgment for abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "The trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be clear to warrant reversal. Ibid.

We have considered defendant's arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We discern no abuse of discretion in this case, and affirm substantially for the reasons the court expressed in its written opinion. However, we add the following brief comments.

Plaintiff presented uncontradicted evidence demonstrating that it served defendant with the summons and complaint by mail in accordance with R. 4:4-

4(b)(1)(C) after it was unable to effectuate personal service upon defendant. Therefore, we discern no basis for disturbing the court's determination that plaintiff properly served defendant with the summons and complaint.

Defendant's standing argument also lacks merit. "[S]tanding is not a jurisdictional issue in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)." Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012). The judgment is voidable unless the plaintiff has standing from either possession of the note or an assignment of the mortgage that predated the original complaint. Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 319-20 (App. Div. 2012).

Here, plaintiff had possession of the note and a recorded assignment of the mortgage and note prior to filing the complaint. Because plaintiff clearly had standing to file the foreclosure complaint, defendant's argument that he had a meritorious defense to the complaint is meritless.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5675-18T1