**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4993-17T2

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE,
ON BEHALF OF THE HOLDERS
OF CSMC MORTGAGE-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2007-5,

     Plaintiff-Respondent,

v.

SUZANNAH COHEN and
YITZCHAK COHEN,

     Defendants-Appellants,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR FIRST
MERIDIAN MORTGAGE,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., AS NOMINEE FOR
SPECIALIZED LOAN SERVICING,
LLC, VALLEY HOSPITAL, STATE
OF NEW JERSEY, UNITED STATES
OF AMERICA,

Defendants.

Argued telephonically June 24, 2020 –
Decided July 17, 2020

Before Judges Accurso and DeAlmeida.

On appeal from the Superior Court of New Jersey,
Chancery Division, Bergen County, Docket No. F-
019846-13.

Michael M. Cohen argued the cause for appellants.

Anita Jeanne Murray argued the cause for respondent
(Eckert Seamans Cherin & Mellott LLC, attorneys;
Anita Jeanne Murray, on the brief).

PER CURIAM

Defendants Suzannah and Yitzchak Cohen appeal from a March 2018 final judgment of foreclosure on a complaint filed in June 2013 on a default that occurred in September 2009. Following entry of summary judgment striking defendants' answer and defenses and returning the case to the Foreclosure Unit in January 2015, defendants submitted an application for a loan modification to plaintiff U.S. Bank N.A. That application was denied, and defendants insist they never sought another. But the record contains several letters the bank's mortgage servicer sent defendants from early 2015

2                                                                    A-4993-17T2

through early 2017 about available programs to save their home, including offering them a repayment plan.

While those efforts continued, the Foreclosure Unit dismissed the complaint without prejudice for lack of prosecution under Rule 4:64-8 in April 2016.  The bank moved to reinstate the action in October 2017 based on good cause.  Specifically, the bank contended it had put the foreclosure "on hold" while it reviewed defendants for a loan modification pursuant to Consumer Financial Protection Bureau regulations which prohibit "dual tracking" in residential foreclosure actions.  Defendants did not oppose the motion, and the complaint was reinstated on October 13, 2017.

A month later, defendants moved to vacate the reinstatement contending they only received notice of the motion after the order was entered, that there were no serious loss mitigation efforts after 2015, and that the bank had unconscionably delayed prosecuting the foreclosure and "tortured" defendants by leading them to believe the case had been abandoned, only to reinstate it without notice.  The bank countered that defendants' delay in accepting certified mail service did not defeat timely service, that defendants had never advised they were not interested in a loan modification, and that they could

A-4993-17T2

hardly claim prejudice for being allowed to remain in a home for which they had not paid the mortgage, taxes and insurance for eight years.

After hearing argument, Judge Toskos denied the motion. In a clear and concise statement of reasons, the judge noted the regular mail to defendants had not been returned, raising a presumption of timely service on the motion record, notwithstanding defendants' failure to collect the certified mailing for ten days after being advised of an attempted delivery. He also noted that despite arguing that the prolonged foreclosure proceedings had caused them "emotional distress and hardship," defendants urged "the best course forward is to deny [r]einstatement of the foreclosure action and have the [p]laintiff file a new complaint and start the entire process" all over again.

Accepting defense counsel's representation that defendants would be presenting the same arguments had they had the full ten days to oppose reinstatement, Judge Toskos found those arguments unpersuasive. The judge found that even accepting defendants' argument that the federal regulations did not apply, the court was satisfied the bank delayed pursuing entry of final judgment "as part of a good faith effort to provide [d]efendants with a loan modification." He further found defendants suffered no prejudice, and indeed,

received a net benefit by being "provided with <u>more</u> time to remain in their home without making mortgage payments."

Judge Toskos subsequently denied defendants' objection to final judgment and entered the July 2018 judgment of foreclosure entitling the bank to have the sum of $920,841.86 together with contract interest of 6.875% on the $650,296.43 principal sum in default raised and paid out of sale of the mortgaged premises. Defendants initially appealed only the 2017 orders to reinstate, triggering finality review in the clerk's office. When defendants failed to respond to the inquiry, the appeal was dismissed for failure to prosecute in August 2018. We ordered the appeal reinstated on defendants' motion in November 2018. It was dismissed again, however, in April 2019, following defendant Yitzchak Cohen's voluntary Chapter 13 petition on the eve of the scheduled sheriff's sale. Following dismissal of the petition by the bankruptcy court, we again reinstated the appeal on defendants' motion in September 2019.

On appeal, defendants contend the trial court erred in denying their motion to vacate reinstatement of the foreclosure, reprising the arguments they made to the judge that they were not permitted a full ten days to respond to the bank's motion, that the bank failed to show good cause for reinstatement, that

A-4993-17T2

purported lack of prejudice to defendants cannot suffice for good cause under Rule 4:64-8, and that their motion to vacate should have been granted because the bank's opposition to it was untimely filed. They also add an argument not raised to the trial court, that they were entitled to attorney's fees on their unsuccessful motion to vacate reinstatement based on their view that the bank's motion to reinstate the action "was completely baseless."

We reject those arguments as entirely without merit, not warranting discussion in a written opinion. See R. 2:11-3(e)(1)(E). Having considered defendants' arguments and reviewed the record on the motion, we affirm the judgment of foreclosure. Defendants do not contest that their 2006, $524,000 purchase money mortgage has been in default since September 2009. They have fully litigated this foreclosure at every step of the process. As we noted in Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 320 (App. Div. 2012), "[i]n foreclosure matters, equity must be applied to plaintiffs as well as defendants." Reinstatement of the action did not violate the letter or spirit of Rule 4:64-8.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4993-17T2