**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3123-18T4

WELLS FARGO BANK,
NATIONAL ASSOCIATION AS
TRUSTEE FOR OPTION ONE
MORTGAGE LOAN TRUST 2007-3,
ASSET-BACKED CERTIFICATES,
SERIES 2007-3,

     Plaintiff-Respondent,

v.

DUANE F. GUILFORD,

     Defendant-Appellant,

and

MRS. DUANE F. GUILFORD, his wife,
STEPHEN J. PALASZEWSKI, HANOVER
INSURANCE COMPANY, Subrogee
DAVID NEIDERER, GARDEN SAVINGS
FEDERAL CREDIT UNION, GLENN
K. HABERBUSH, CECE HOLDINGS
CORPORATON, MIDLAND FUNDING,
LLC, and UNITED STATES OF AMERICA,

     Defendants.

_____

Submitted March 11, 2020 – Decided March 30, 2020

Before Judges Fuentes and Haas.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-008498-17.

Duane Guildford, appellant pro se.

Stradley Ronon Stevens & Young, LLP, attorneys for respondent (Christopher Albert Reese, on the brief).

PER CURIAM

In this residential mortgage foreclosure matter, defendant Duane Guilford appeals from the February 14, 2019 final judgment of foreclosure entered after Judge Walter Koprowski, Jr. granted summary judgment to plaintiff Wells Fargo Bank, and remanded the matter to the Office of Foreclosure to proceed as an uncontested matter. Defendant also challenges the Chancery Division's September 19, 2018 order denying his motion to dismiss plaintiff's complaint, and the February 8, 2019 order denying defendant's objection to the entry of final judgment. We affirm substantially for the reasons expressed by Judge Koprowski in his thorough September 17, 2018 written decision granting plaintiff's summary judgment motion.

Judge Koprowski made the following pertinent findings of fact following his review of the motion record. On January 4, 2017, defendant executed a

$1,050,000 note and mortgage to the original lender, Option One Mortgage Corporation. This transaction was recorded on January 23, 2007. After the mortgage was modified, it was assigned to plaintiff and this assignment was recorded on February 18, 2010. Two additional modifications of the mortgage followed. On January 1, 2015, defendant defaulted on the loan.

On April 6, 2015, plaintiff served defendant with a written notice of intention to foreclose (NOI) that met all the requirements of the New Jersey Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68. On April 5, 2017, plaintiff filed its foreclosure complaint, and defendant filed an answer. Plaintiff thereafter moved for summary judgment.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank of Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993). Judge Koprowski found that plaintiff met each of these requirements, and entered final judgment in plaintiff's favor.

In so ruling, the judge examined all of the underlying documents and found they were properly executed and recorded. Plaintiff also established that defendant defaulted on the mortgage by failing to pay anything on the loan after January 1, 2015.

Judge Koprowski found that plaintiff clearly had standing to file a foreclosure action because it was in possession of the note prior to filing its foreclosure complaint. See Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (holding that standing is conferred by "either possession of the note or an assignment of the mortgage that predated the original complaint"). Finally, plaintiff demonstrated that it properly served the NOI upon defendant. This appeal followed.

On appeal, defendant argues that the judge "erred, and abused [his] discretion by granting [s]ummary [j]udgment" to plaintiff. We disagree.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)).

Thus, we consider, as the trial judge did, whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the

alleged disputed issue in favor of the non-moving party." Ibid. (quoting Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995)). We accord no deference to the trial judge's conclusions on issues of law and review issues of law de novo. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

We have considered defendant's contentions in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We are satisfied that Judge Koprowski properly granted summary judgment to plaintiff for the reasons set forth in his comprehensive written opinion and, therefore, we discern no basis for disturbing the February 14, 2019 final judgment of foreclosure.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3123-18T4