**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5704-18T3

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR CITIGROUP MORTGAGE
LOAN TRUST, INCORPORATED,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES
2006-AR2,

      Plaintiff-Respondent,

v.

DONATO CILENTI,

      Defendant-Appellant,

and

MRS. DONATO CILENTI, his wife,
ANTONIO CILENTI and MRS.
ANTONIO CILENTI, his wife,

      Defendants.

_____

Submitted August 4, 2020 – Decided September 14, 2020

Before Judges Rothstadt and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-016650-18.

Ast & Schmidt, PC, attorneys for appellant (Robert L. Schmidt, on the briefs).

Shapiro & DeNardo, LLC, attorneys for respondent (Elizabeth L. Wassall, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Donato Cilenti appeals from the Chancery Division's March 12, 2019 order granting plaintiff U.S. Bank National Association's motion for summary judgment and denying defendant's cross-motion to compel discovery, as well as from the July 22, 2019 final judgment of foreclosure. In support of her order, the Chancery judge issued a comprehensive thirteen-page statement of reasons specifically addressing each of defendant's contentions. In her decision, the judge rejected defendant's argument that plaintiff's assignment of mortgage was invalid and determined that, contrary to defendant's contention, there was no issue of fact as to whether the individual who executed the assignment of mortgage on behalf of the assignor was authorized to do so.

On appeal, defendant argues that the Chancery judge misapplied the appropriate standards for summary judgment, inappropriately relied on "hearsay

2

evidence," and, contrary to the judge's findings, there were "genuine issues of material fact . . . regarding whether plaintiff lacks standing to foreclose." We find no merit to these contentions and affirm substantially for the reasons stated by the Chancery judge in her thorough opinion.

The material facts relating to the loan and plaintiff's entitlement to foreclosure were generally undisputed, except for defendant's challenge to plaintiff's standing to foreclose under the assignment and defendant's unsupported denial of default as stated in his opposition to summary judgment. As the Chancery judge found, the subject note originated in 2005 when Weichert Financial Services loaned $444,000 to defendant's father, defendant Antonio Cilenti,[1] to use towards his purchase of a home in Randolph.[2] The father secured payment of the loan with a mortgage that he and defendant signed that named Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for the lender, and which encumbered title to the Randolph property.

In March 2018, the father defaulted by failing to make the payment owed on March 1, 2018, and thereafter. In April 2018, MERS executed an assignment

---

[1] Neither Antonio Cilenti nor his spouse or defendant's spouse are parties to this appeal.

[2] It is unclear from the record why Antonio and Donato Cilenti both appear on the mortgage but only the former appears on the note.

of mortgage in favor of plaintiff, which was recorded on April 17, 2018. Prior to the filing of the complaint in this action, plaintiff took possession of the note endorsed in blank. After sending the father, the only debtor under the note, a notice of intent to foreclose, plaintiff filed this action. On September 17, 2018, defendant filed his contesting answer. Plaintiff thereafter filed its motion for summary judgment, which defendant opposed. Defendant also filed a cross-motion seeking to compel discovery.

Plaintiff's motion for summary judgment was supported by a certification from Caroline Keitt Courtney, a vice president in charge of loan documentation for Wells Fargo Bank, N.A., which was servicing the loan on behalf of plaintiff. The certification set forth the history of the loan and the father's default. Attached to it were copies of the original note signed by the father as well as the mortgage signed by both the father and defendant. In addition, a copy of the original assignment of mortgage to plaintiff was attached to the certification. In paragraph three of the certification, Courtney certified that plaintiff "has been in possession of the promissory note since prior to the filing of the foreclosure complaint and the promissory note is [e]ndorsed in blank."[3]

---

[3]  In a supporting brief, plaintiff's counsel advised the court that the note was currently in counsel's possession.

In opposition to plaintiff's motion, defendant's attorney filed a certification that was also in support of his cross-motion for discovery. In counsel's certification, he recited the action's procedural history and the extent to which the parties had exchanged discovery demands and responses. Counsel then addressed the signature on the assignment of mortgage, noting that it belonged to John Kealy who was identified on the assignment as an "assistant secretary" of MERS. Defendant's attorney then explained that he found a LinkedIn account for Kealy that stated Kealy was an employee of Wells Fargo. According to counsel, Kealy's signature was acknowledged by Michelle Erin Wihren who identified Kealy as an "assistant secretary of [MERS]." Counsel then noted that Wihren also maintained a LinkedIn account stating she was employed by Wells Fargo. He also noted that the assignment was recorded by Wells Fargo and was to be returned to its offices. Counsel then explained that despite his numerous requests for Kealy's employment history and evidence of his authorization to execute the assignment on behalf of MERS, he had not received responses to those requests.

In response to defendant's opposition, plaintiff filed a certification from its counsel addressing defendant's contentions. Attached to the certification was a copy of a corporate resolution in which MERS appointed Kealy as a "Signing

A-5704-18T3

Officer[] . . . authorized to execute the subject Assignment of Mortgage." Plaintiff also filed a certification from a representative of its loan servicer attesting to the chain of custody of the subject note.

In the Chancery judge's ensuing written decision, she specifically addressed defendant's contentions regarding any question about Kealy's authority to sign the assignment of mortgage. Initially, the judge noted that there was no dispute that plaintiff was in possession of the original note endorsed in blank and payable to bearer. Citing to Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012), the judge held that plaintiff established its standing to pursue this foreclosure action by virtue of its possession of the note.

The judge found that defendant's argument as to Kealy "failed to account for the legal reality surrounding MERS." Quoting from Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 348 (Ch. Div. 2010), the judge explained that MERS "does not have any real interest in the underlying debt or the mortgage," and MERS's role is simply "to facilitate assignments and save money for lenders." Drawing an inference from defendant's reliance on Kealy's LinkedIn page, the judge explained that "having loan servicer employees (who will ultimately have the most involvement with a [n]ote and [m]ortgage) execute

assignments [on behalf of MERS] facilitates the[] objectives" of processing assignments and saving costs. For that reason, Kealy's LinkedIn page revealing he was employed by Wells Fargo and also acted in a limited capacity for MERS was insufficient to defeat summary judgment or require further discovery.

The judge then went on to address each of defendant's claims about outstanding discovery and found that his contentions were without merit and that he "failed to pursue discovery in an expeditious manner." Finally, the judge addressed each of defendant's asserted affirmative defenses and again found they too were without any merit. This appeal followed.

In our review of a trial judge's order granting summary judgment, we apply the same standard applied by the trial judge under "Rule 4:46-2(c) . . . [t]hat . . . provides that summary judgment, should be granted 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to judgment or order as a matter of law.'" Inv'rs Bank v. Torres, ____ N.J.___,__ (2020) (slip op. at 27–28) (citations omitted) (quoting R. 4:46-2(c)). In our de novo review we afford "no special deference to the legal determinations of the trial court." Ibid. (quoting

A-5704-18T3

Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

We conclude from our de novo review that the Chancery judge correctly entered summary judgment in favor of plaintiff substantially for the reasons stated in her cogent written decision. We only add the following brief comment.

A defendant in a foreclosure action lacks standing to assert that the assignment of the mortgage to a plaintiff is invalid. Only the parties or third-party beneficiaries to a contract may enforce its terms. Raftogianis, 418 N.J. Super. at 350; see also Giles v. Phelan, Hallinan & Schmieg, LLC, 901 F. Supp. 2d 509, 532 (D.N.J. 2012) (finding that the plaintiffs could not challenge the validity of assignments transferring their mortgage from one holder to another); Correia v. Deutsche Bank Nat'l Trust Co., 452 B.R. 319, 324–25 (B.A.P. 1st Cir. 2011) (holding that debtors lack standing to argue that assignment of their mortgage violated service agreement because they were not parties to the agreement nor third-party beneficiaries thereof). Moreover, as the Chancery judge found, it was undisputed that the plaintiff possessed the note prior to filing its complaint in this action and therefore, if there was any defect in the assignment of mortgage, it was of no moment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5704-18T3