**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4020-18T3

CAPITAL ONE, N.A.,

    Plaintiff-Respondent,

v.

LEWIS WU,

    Defendant-Appellant,

and

ACE GAMING LLC, t/a THE SANDS,
TRUMP TAJ MAHAL ASSOCIATES,
f/k/a TRUMP TAJ MAHAL
ASSOCIATES LP, t/a TRUMP TAJ
MAHAL CASINO RESORT, LML
SUPERMARKETS INC., MARINA
DISTRICT DEVELOPMENT CO.,
LLC, t/a BORGATA, ATLANTIC
CITY SHOWBOAT, INC., a/k/a
ATLANTIC CITY SHOWBOAT,
d/b/a SHOWBOAT CASINO HOTEL,
SUMMIT IMPORT CORPORATION,
CELLULAR-ONE METROPHONE,
FIRST TRENTON, as subrogee of
IRENE KASBARIAN, ALBERT
UJUETA, d/b/a BUSINESS
EXCHANGE ENTERPRISES, SMS

FINANCIAL G, LLC, STATE OF
NEW JERSEY and HYEYEON YUN,

      Defendants.

_____

Argued October 28, 2020 – Decided November 19, 2020

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-002400-11.

Lewis Wu, appellant, argued the cause pro se.

Roger Fay argued the cause for respondents (Milstead & Associates, LLC, attorneys; Roger Fay, on the brief).

PER CURIAM

In this residential foreclosure action, defendant appeals the Chancery Division's March 19, 2019 order denying his fourth motion to vacate the January 23, 2018 final judgment of foreclosure in the amount of $4,083,644.65. We affirm.

For the sake of brevity, we incorporate by reference the facts and procedural history set forth at length in our first unpublished decision involving the parties' dispute, wherein we denied defendant's motion for reconsideration of the trial court's May 1, 2018 order denying his reconsideration motion to vacate the January 23, 2018 final judgment of foreclosure. Capital One v. Wu,

No. A-5033-17 (App. Div. Feb. 7, 2020) (slip op. at 2-5).  We recognized the judgment was entered based upon the court's "finding that plaintiff properly served defendant and established 'plaintiff's obligation, [m]ortgage, and [a]ssignment of [m]ortgage,' and accepting plaintiff's proof as to the amount due from defendant."  Id. at 4 (alterations in original).  We concluded:

> [D]efendant's arguments [are] unpersuasive and affirm substantially for the same reasons expressed by trial judge in his written decision.
>
> . . . .
>
> . . . [A]s our courts have recognized, "motion practice must come to an end at some point, and if repetitive bites at the apple are allowed, the core will swiftly sour . . . ."  [Cummings v. Bahr, 295 N.J. Super 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]
>
> . . . .
>
> . . . [W]e conclude that the trial judge properly determined defendant's allegations of fraud are meritless.
>
> . . . .
>
> . . . [W]e conclude that the trial judge acted within his discretion in denying defendant's motion for reconsideration.
>
> [Id. at 6, 8-10.]

3

While defendant's first appeal was pending, his emergent application to stay the February 8, 2019 sheriff's sale was denied by Judge Joan Bedrin Murray on January 18, 2019. And on January 25, 2019, this court denied the request to file an emergent motion. We determined defendant's request was a "self-generated emergency" with "no good explanation [of his] delay in seeking appellate relief." We further noted:

> Defendant filed his notice of appeal on June 12, 2018. On October 18, 2018, defendant filed a motion for a stay of the sale and enforcement, which this court denied in an order dated November 19, 2018. Defendant seeks to file an emergent application to request a stay of the same sale that this court denied in its order dated November 19, 2018. Defendant has made no showing that he should be accorded emergent relief to file what is in essence a motion for reconsideration.

On February 15, 2019, defendant then filed a motion to vacate the foreclosure judgment under Rule 4:50-1(d) for improper service. Judge Bedrin Murray denied the motion in a March 19, 2019 order. In her oral decision, the judge explained:

> [Defendant is] seeking multiple bites of the apple in contesting this foreclosure matter. None of these attempts ha[ve] been successful.
>
> . . . .

A-4020-18T3

> [T]he facts haven't changed . . . . The law hasn't changed. . . . [T]his has been going on for at least [two] years. And . . . [defendant has] gotten to the point where [he is] just making frivolous motions . . . . And it's not . . . appropriate.
>
> . . . .
>
> There is nothing palpably incorrect, arbitrary or -- wrong about any of the prior -- denials. And . . . this pattern of constant filing . . . is an attempt to just put off the inevitable, which is the [s]heriff's [s]ale.
>
> . . . .
>
> [The] argument [of insufficient service] is way too late. We're post-judgment.
>
> . . . .
>
> This is maybe the eighth [m]otion that [defendant] brought to vacate the judgment.

Defendant appeals the March 19 order arguing there was no service of the Notice of Intent to Foreclose or the foreclosure complaint because he did not live at the address where service was purportedly made, therefore the foreclosure judgment should be vacated. In addition, defendant argues his motion was not time barred under Rules 4:50-1(d) and 4:50-2, and he was not granted an opportunity to argue before Judge Bedrin Murray as she was clearly prejudiced against him because he is self-represented and she has "consistently . . . disregarded . . . salient facts and ruled in favor of the plaintiffs." He argues he

5

did not waive his affirmative defense of lack of service. He also asserts the judge's order should be vacated on the ground of "voidness" as her "demeanor and failure to properly regard and consider the relief sought . . .was improper and an abuse of discretion."

Having considered defendant's contentions, we affirm the order, substantially for the sound reasons expressed by Judge Bedrin Murray. Because defendant's contentions lack sufficient merit to warrant extensive discussion in this opinion, we amplify the judge's ruling with only a few comments. R. 2:11-3(e)(1)(E).

To vacate a judgment under Rule 4:50-1(d), there must be a showing that the judgment is void. Rule 4:50-2 requires that motions made under any subsection of Rule 4:50-1 must be filed "within a reasonable time." Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012). Relief from judgment under Rule 4:50-1 "is not to be granted lightly." Bank v. Kim, 361 N.J. Super. 331, 336 (App. Div. 2003). An appellate court reviews a trial court's order denying a Rule 4:50-1 motion for relief under an abuse of discretion standard. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) ("The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion."). An abuse of discretion

A-4020-18T3

occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

We discern no abuse of discretion by Judge Bedrin Murray's denial of defendant's motion to vacate the foreclosure judgment. We previously affirmed the judgment of foreclosure, concluding defendant's contentions of fraud and plaintiff's lack of standing were without merit. Capital One, N.A., slip op. at 7-9. With no explanation of delay, defendant did not raise his insufficient service argument before the trial court until almost thirteen months after entry of the judgment. Defendant now belatedly contends there was insufficient service, a defense that, if it had merit, clearly should have been raised much earlier. His motion was not filed within a reasonable time as required by Rule 4:50-2.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4020-18T3